335 So.2d 624 (1976)
GENERAL ELECTRIC COMPANY, a Corporation, Appellant,
v.
COMMERCIAL STANDARD INSURANCE COMPANY, a Corporation, Appellee.
No. AA-213.
District Court of Appeal of Florida, First District.
July 30, 1976.
*625 Philip C. Owen, of Fischette, Parrish, Owen & Held, Jacksonville, for appellant.
George Stelljes, Jr., of Marks, Gray, Conroy & Gibbs, Jacksonville, for appellee.
RAWLS, Acting Chief Judge.
The sole issue in this appeal is whether appellant-plaintiff's cause of action is governed by the five-year statute of limitation as prescribed in Section 95.11, Florida Statutes, or by the one year statute as set out in Section 713.23, Florida Statutes. The trial judge, in dismissing plaintiff's complaint, held that the one year statute was applicable. We reverse.
Plaintiff's complaint alleged that it furnished certain equipment and appliances to a contractor who utilized same in the performance of construction work in Duval County, Florida. A further allegation was that the contractor had executed a payment bond providing for payment to persons furnishing labor and materials in the performance of said construction work. The complaint also alleged that although the bond was purportedly given in accordance with Section 713.23, Florida Statutes, that such was not the case, because the statute provides that a bond given pursuant to it shall be in at least the contract price, whereas the instant bond was only in ten percent of the contract price.[1]
Appellee-defendant argues that the amount of the bond is immaterial because, admittedly, plaintiff's claim is in an amount substantially less than the amount set forth therein. Section 713.23, Florida Statutes, provides, inter alia:
"... The payment bond required to exempt an owner under parts I and II of this chapter and chapter 85 shall be furnished by the contractor in at least the amount of the original contract price ... No action or suit shall be instituted or prosecuted against the contractor or against the surety on the bond required in this section after one year from the performance of the labor or completion of delivery of the materials and supplies... ." (emphasis supplied)
Although the subject bond is entitled "Statutory Payment Bond Pursuant to Sections 713.02(6) and 713.23, Florida Statutes", such statement does not make it such, because it was not in at least the amount of the original contract price and thus not as required in Section 713.23. Since the purported statutory bond was not furnished in accordance with the requisites of the clear terms of Section 713.23, Florida Statutes, defendant is not protected by the one year limitation provision of the statute. United Bonding Ins. Co. v. City of Holly Hill, 249 So.2d 720 (1 Fla.App. 1971).
REVERSED with directions that plaintiff's complaint be reinstated.
McCORD and SMITH, JJ., concur.
NOTES
[1] The construction contract required "10% Performance and payment bonds".