353 So.2d 612 (1977)
HUNT TRUCK SALES AND SERVICE, INC., Appellant,
v.
BONANZA CONSTRUCTION, INC., etc., et al., Appellees.
No. 76-2544.
District Court of Appeal of Florida, Fourth District.
December 20, 1977.
Francis E. Pierce, Jr., Orlando, for appellant.
Hal H. Kantor of Loundes, Peirsol, Drosdick & Doster, Professional Ass'n, Orlando, for appellees.
DOWNEY, Judge.
Appellant filed a multi-count complaint in which Count VII sought to foreclose a mechanic's lien. Count VI sought recovery upon a bond which allegedly had been furnished for the benefit of the owner, "the Plaintiff and other similarly situated subcontractors and materialmen." A copy of the bond is attached to the complaint.
Appellees moved to dismiss Count VII on the ground, among others, that the bond referred to in Count VI of the complaint was furnished pursuant to Sec. 713.23 Florida Statutes (1975) and thus appellant was not entitled to maintain Count VII for foreclosure of a mechanic's lien. The trial court granted the motion to dismiss Count VII and expunged the claim of lien from the public records. It is that order which we have for review.
Ordinarily the defense asserted by appellees for the dismissal of Count VII should be set up affirmatively in the answer of the appellees. However, if the defense appears on the face of the prior pleading (in this case the complaint) then the defense can be raised by motion, Fla.R. Civ.P. 1.110(d).
The complaint in the case at bar alleges that a Labor and Material-Payment Bond was furnished July 25, 1973 for the benefit of the owner, the appellant and other similarly situated subcontractors and *613 materialmen. The bond attached to the complaint is in the amount of $122,250.00 but nowhere in the pleadings or exhibits attached thereto do we find any allegation that the bond is "in at least the amount of the original contract price." That the bond be in at least the amount of the contract price is an essential feature of a Section 713.23 Payment Bond. General Electric Company v. Commercial Standard Insurance Company, 335 So.2d 624 (Fla. 1st DCA 1976). Suffice to say, a bond furnished pursuant to Sec. 713.23 Florida Statutes (1975) must comply with the provisions of that section in order for the benefits afforded thereby to accrue to the owner since preclusion of a claimant's lien right is no insignificant matter.
We find that the complaint in this case does not clearly show the existence of the appellees' defense to a lien foreclosure. Of course, it may well be that upon remand the appellees will set up the defense afforded them by Sec. 713.23 and by proof demonstrate that there is no genuine issue of fact, which may make what we do here appear to be an exercise in futility. We do not regard it as such. If that turn of events transpires, at least we will all be sure then that the appellant was not entitled to foreclosure of its mechanic's lien. As the pleadings now stand, we may suspect appellant has no such right but we cannot conclude that with any degree of certitude.
Accordingly, the order dated October 29, 1976 is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ALDERMAN, C.J., and LETTS, J., concur.