374 So.2d 1068 (1979)
MOTOR CITY ELECTRIC COMPANY, Appellant,
v.
The OHIO CASUALTY INSURANCE Company and Jack Hardy, Inc., Appellees.
No. 78-2410.
District Court of Appeal of Florida, Third District.
August 14, 1979.
Rehearing Denied September 24, 1979.
Friedman, Britton, Cohen, Kaufman, Zinkow, Benson & Schantz and William H. Benson, Miami, for appellant.
Robert E. Dubow and Lawrence H. Feder, Dania, for appellees.
Before HAVERFIELD, C.J., and KEHOE and SCHWARTZ, JJ.
KEHOE, Judge.
This is an appeal from an order dismissing with prejudice a complaint seeking to recover under the provisions of a common law bond. The complaint was dismissed for exceeding the one year limitations period provided for by Sections 255.05 and 713.23, Florida Statutes (1977). We hold that these statutes do not apply to preclude this action and remand with directions to reinstate the complaint.
Appellant/plaintiff alleged that it was due a certain amount as full payment on the rental of heavy equipment used in the construction of a U.S. Post Office facility. When full payment was not forthcoming *1069 from the lessee, Jack Hardy, Inc., appellant sought to recover its balance due under the provisions of a common law bond issued to Jack Hardy, Inc. by the surety, The Ohio Casualty Insurance Company. Jack Hardy, Inc. had been involved in a portion of the public works project working under a subcontract. As a condition of that subcontract, it was obliged to obtain a performance and payment bond in favor of the general contractor. The material conditions of the bond provided as follows:
* * * * * *
"THE CONDITION OF THIS BOND is that if principal [Jack Hardy, Inc.]:
1. performs the contract at the time and in the manner prescribed in the contract and
2. promptly makes payments to all persons supplying Principal with labor, materials and supplies, used directly or indirectly by Principal or subcontractors in the prosecution of the work provided for in the contract as prescribed by section 255.05 or section 713.23, Florida Statutes, whichever is applicable to the contract, and
3. pays Owner all loss, damages, costs and attorneys fees that Owner sustains because of default by Principal under the contract and
4. performs the guarantee of all work and materials furnished under the contract applicable to the work and materials, then this bond is void; otherwise it remains in full force.

The provisions and limitations of section 255.05 or section 713.23, Florida Statutes, whichever is applicable to the contract, are incorporated in this bond by reference." [Emphasis supplied]
* * * * * *
The surety moved to dismiss the complaint on several grounds, among them that the one year statute of limitations contained in the statutes expressly incorporated in the bond were controlling and precluded the initiation of this action more than one year after the materials were furnished to the principal. The trial court agreed and dismissed the complaint with prejudice.
The appellant now refers us to General Electric Company v. Commercial Standard Insurance Company, 335 So.2d 624 (Fla. 1st DCA), cert. denied, 342 So.2d 1100 (Fla. 1976) as authority for reversal. We agree that the bond in question is not governed by the provisions of Sections 255.05 and 713.23 despite the language incorporating those statutes contained in the wording of the bond.
Section 255.05 requires the execution of a payment and performance bond by contractors involved in constructing public buildings. It applies only to those persons in direct privity with the public authorities. Indeed, it is doubtful that this statute even applies to a federal public works project such as the one giving rise to this litigation (an issue which we need not resolve).
A common law bond grants coverage in excess of the requirements imposed under Section 255.05:
"The primary purpose of the statute is to afford additional protection to persons who perform labor or furnish materials to a public works project on which they cannot acquire a lien. Winchester v. State ex rel. Florida Electric Supply, Inc., 134 So.2d 826 (Fla. 2d DCA 1961). But not every bond furnished incident to a public works project falls within the ambit of the statute. Rather, the courts recognize a distinction between a statutory bond issued in connection with such a project and a common law bond. A bond, even though furnished pursuant to a public works contract, will be construed as a common law bond if it is written on a more expanded basis than required by Section 255.05, Florida Statutes (1975). Moreover, ambiguities in the form of such a bond must be construed in favor of granting the broadest possible coverage to those intended to be benefited by its protection. United Bonding Insurance Co. v. City of Holly Hill, 249 So.2d 720 (Fla. 1st DCA 1971)."

Southwest Florida Water Management District v. Miller Construction Co., 355 So.2d 1258, 1259 (Fla. 2d DCA 1978).
*1070 When Section 713.23 is read in conjunction with Section 713.02(6), it provides for a payment bond for one in privity with the owner of the property being improved. It does not apply to a situation where the principal on the bond was not in privity with the owner but was required to secure the bond as a condition of its subcontract.
Section 713.23 additionally requires that the performance bond equal the amount of the original contract price. There have been no allegations in the pleadings that this statutory requirement was met. The bond must comply with the statute before the one year limitation period would apply. Hunt Truck Sales and Service v. Bonanza Construction, 353 So.2d 612 (Fla. 4th DCA 1977); General Electric Company v. Commercial Standard Insurance Company, supra.
The appellant has the right to sue upon a common law bond as a third party beneficiary. A third party may recover on a surety bond under appropriate circumstances where that bond is intended for his benefit as well as for the benefit of the formal parties thereto. National Union Fire Insurance Company v. Westinghouse Electric Supply Company, 206 So.2d 60, 61 (Fla. 3d DCA 1968) and cases cited therein.
We conclude that the appellant's cause of action should not have been dismissed at this stage of the proceedings since the one year limitations period did not apply to the allegations of the complaint. We do not of course preclude the trial court from ultimately dismissing the complaint on some other valid ground.
Reversed and remanded with directions to reinstate the complaint.