DAUKSCH, Chief Judge.
This is an appeal from a summary judgment in an insurance contract case. The appellant seeks to hold the appellee responsible under a payment and performance bond for alleged latent defects which were first noticed after the statute of limitations for suit under the bond had expired. Because the statute of limitations had obviously expired, the trial court entered the summary judgment. Section 255.05, Florida Statutes (1965), is the applicable statute of limitations.[1]
We affirm the summary judgment not only because the lawsuit was not filed until after the statute of limitations had run but also because the payment and performance bond did not insure against the risks described in this suit. A payment and performance bond is an agreement to protect the owner of a building from two particular defaults by a builder. The payment portion of the bond contains the insurer’s undertaking to guarantee that all subcontractors and materialmen will be paid and the performance part of the bond guarantees that the contract to build the building (or road, or utility transmission lines, etc.) will be fully performed. When the architect certifies the building is substantially completed, and the owner accepts the building, then the contractor is deemed to have fully performed and any lawsuit which could be brought against the surety under the bond must be brought within one year, according to the statute. See Miller v. *32 Knob Construction Company, 368 So.2d 891 (Fla. 2d DCA 1979).
As we said earlier, the bond in this case would not cover the claims made by the appellant even if suit had been brought within the one year limitation period. The appellant claims there were latent defects in the materials and workmanship which were discovered after the architect had certified substantial completion and after the statute of limitations had run. The appellant contends that the appellee, the surety under the performance bond, is liable for payment because of those defects. We disagree. Once the building is completed, or as we have said using the words of art in the construction industry, “substantially completed,” then the surety under the performance bond is relieved of any further responsibility. The purpose of a performance bond is “to ensure the physical completion of the work upon default,” Guin & Hunt, Inc. v. Hughes Supply, Inc., 385 So.2d 842 (Fla. 4th DCA 1976), and to insure against any losses which the owner may suffer if performance default occurs.
Thus, the appellant’s lawsuit against the surety must fail for two reasons: (1) because the latent defects complained of were not covered by the bond once the owner accepted the building after the architect certified substantial completion, and (2) because the statute of limitations had run.
AFFIRMED.
ORFINGER and FRANK D. UP-CHURCH, Jr., JJ., concur.

. 255.05. Bond of contractor constructing public buildings; suit by materialmen, etc.
(1) Any person entering into a formal contract with the state, any county of said state, or any city in said state, or any political subdivision thereof, or other public authority, for the construction of any public building, or the prosecution and completion of any public work or for repairs upon any public building, or public work, shall be required, before commencing such work, to execute the usual penal bond, with good and sufficient sureties, with the additional obligations that such contractor shall promptly make payments to all persons supplying him labor, material and supplies, used directly or indirectly by the said contractor, or subcontractors, in the prosecution of the work provided for in said contract; and any person, making application therefor, and furnishing affidavit to the treasurer of the state, or any city, county, political subdivision, or other public authority, having charge of said work, that labor, material or supplies for the prosecution of such work has been supplied by him, and payment for which has not been made, shall be furnished with certified copy of said contract and bond, upon which, said person, supplying such labor, material or supplies shall have a right of action, and may bring suit in the name of the state, or the city, county, or political subdivision, prosecuting said work, for his use and benefit, against said contractor, and sureties, and to prosecute the same to final judgment and execution; provided, that such action, and its prosecution, shall not involve the state, any county, city or other political subdivisions, in any expense.
(2) Any person supplying labor, material or supplies used directly or indirectly in the prosecution of the work to any subcontractor and who has not received payment therefor, shall, within ninety days after performance of the labor or after complete delivery of materials and supplies, deliver to the contractor written notice of the performance of such labor or delivery of such materials and supplies and the nonpayment therefor, and no action or suit for such labor or for such materials and supplies may be instituted or prosecuted against the contractor unless such notice has been given. No action or suit shall be instituted or prosecuted against the contractor or against the surety on the bond required in this section after one year from the performance of the labor or completion of delivery of the materials and supplies. (emphasis added).