434 So.2d 38 (1983)
DISTRICT SCHOOL BOARD OF DESOTO COUNTY, Appellant,
v.
SAFECO INSURANCE COMPANY, Appellee.
No. 82-2644.
District Court of Appeal of Florida, Second District.
July 8, 1983.
*39 Wayne C. Hall of Dickenson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Venice, for appellant.
Ronald W. Sikes of Ronald W. Sikes, P.A., Titusville, and Justin R. Lumley of Stolba, Lumley & Dillinger, P.A., St. Petersburg, for appellee.
PER CURIAM.
Affirmed. See City of Miami Beach v. Fidelity & Deposit Co. of Maryland, 425 So.2d 648 (Fla. 3d DCA 1983); Florida Board of Regents v. Fidelity & Deposit Co. of Maryland, 416 So.2d 30 (Fla. 5th DCA 1982). Under the natural meaning of "performance of the labor" in section 255.05(2), Florida Statutes (1973), a certificate of substantial completion and the acceptance of a constructed building by the owner begins the one-year statute of limitations period provided by section 255.05(2) for actions against the surety on the bond. If the legislature had intended that the existence of latent defects in the building would toll the beginning of that naturally-understood statute of limitations period as to actions against the surety, we must presume that the legislature would have said so as it did in section 95.11(3)(c), Florida Statutes (1981), relating to actions on the design, planning or construction of an improvement to real property.
RYDER, A.C.J., and CAMPBELL and LEHAN, JJ., concur.