456 So.2d 1250 (1984)
FLORIDA KEYS COMMUNITY COLLEGE, Appellant,
v.
INSURANCE COMPANY OF NORTH AMERICA and Fidelity Fire Insurance Company, Appellees.
No. 84-527.
District Court of Appeal of Florida, Third District.
September 25, 1984.
Rehearing Denied October 26, 1984.
*1251 Lawson, McWhirter, Grandoff & Reeves and Leonard R. Poe and C. Thomas Davidson, Tampa, for appellant.
Welbaum, Zook, Jones & Williams and R. Earl Welbaum; Judith Kazer Lamet and David L. Swimmer and Steven Berger, Miami, for appellees.
Before HENDRY, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
Within four years of completion of construction of the Fine Arts Center for Florida Keys Community College, pursuant to a construction contract between the college, Sherrod Construction Company, and C.A. Davis, Inc., Florida Keys Community College instituted an action against those responsible for building the center and against their sureties. The action alleged construction defects. The sureties, Insurance Company of North America and Fidelity Fire Insurance Company, were obligors on the construction contract bonds. The trial court dismissed the claims against the sureties on the ground that they had not been filed within the one year period set forth in section 255.05(2), Florida Statutes (1977). These appeals ensued.
Finding that the bonds in question were common law bonds which were not subject to the one year limitation, we hold that the claims against the sureties were filed within the four year limitation period applicable to common law bonds. § 95.11, Fla. Stat. (1977). Accordingly, we reverse and remand for further proceedings.
Appellant argues that Florida courts have recognized a distinction between statutory bonds and common law bonds. Statutory bonds are those which meet the minimum requirement of section 255.05; common law bonds are those which provide coverage in excess of the minimum statutory requirements. United Bonding Insurance Co. v. City of Holly Hill, 249 So.2d 720 (Fla. 1st DCA 1971). When the sureties' obligations have not been extended *1252 beyond minimum requirements, the bond remains a statutory bond. Quality Glass & Mirror, Inc. v. Ritch, 373 So.2d 723 (Fla. 1st DCA 1979), cert. denied, 385 So.2d 760 (Fla. 1980).
The primary test in determining whether a bond is a statutory bond or a common law bond depends upon an examination of the obligations imposed upon the principal and its surety. The test requires a comparison of the minimum requirements enunciated in the statute and the language contained within the bond. State ex rel Consolidated Pipe & Supply Co. v. Houdaille Industries, Inc., 372 So.2d 1177 (Fla. 1st DCA 1979).
Section 255.05, Florida Statutes (1977) requires:
(1) Any person entering into a formal contract with the state or any county, city, or political subdivision thereof, or other public authority, for the construction of any public building, for the prosecution and completion of any public work, or for repairs upon any public building or public work shall be required, before commencing the work, to execute a payment and performance bond with a surety insurer authorized to do business in this state as surety.
The statute requires bonds to be conditioned so that the contractor shall promptly make payments to persons whose claims derive directly or indirectly from the performance of the work required by the contract.
The bonds in question provide:
1. PERFORMANCE: Said Principal (Contractor) shall well and truly perform, carry out and abide by all the terms, conditions and provisions of said Contract and complete the structure therein specified in accordance with the terms thereof and in the event said Principal (contractor) fails to perform said Contract as aforesaid, it shall be the duty of the Obligor herein to assume responsibility for the performance of said Contract and to complete the structure therein specified in accordance with the terms thereof; and the Obligor herein shall and does hereby agree to indemnify the Obligee and hold it harmless of, from and against any and all liability, loss, cost, damage or expense including reasonable attorney fees, engineering and architectural fees or other professional services which said Obligee may incur or which may accrue or be imposed upon it by reason of any negligence, default and/or misconduct on the part of the said Contractor, and his agents, servants, and/or employees, in, about, or on account of the construction of said structures and performance of said contract by the said contractor, and shall repay to and reimburse to the said Obligee, promptly upon demand, all sums of money including reasonable attorneys, architects and other professional services, each and every, reasonably paid out or expended by the said Obligee on account of the failure and/or refusal of said contractor to carry out, do, perform, and/or comply with any of the terms and provisions of said contract at the time and in the manner therein provided.
It is clear that the performance provisions of the bonds are broader than those required by the statute in that the sureties have assumed the risks of negligence and of misconduct by employees of the contractor. Thus, under the Houdaille Industries test, the bonds qualify as common law bonds.
We reject the argument proposed by the sureties that it was incumbent upon the college to obtain a bond which qualified under section 255.05 and that no other bond was allowable. They maintain that any bond obtained in satisfaction of the statute must be deemed a statutory bond regardless of its expanded provisions. Their argument ignores the many cases which recognize distinctions in bonds issued in connection with public projects. Even though a bond is furnished pursuant to a public works project, it will be construed as a common law bond if its provisions are more expansive than those required by section 255.05. Southwest Florida Water Management *1253 District ex rel Thermal Acoustic Corp. v. Miller Construction Co., 355 So.2d 1258 (Fla. 2d DCA 1978). Cf. Motor City Electric Co. v. Ohio Casualty Insurance Co., 374 So.2d 1068 (Fla. 3d DCA 1979) [bond not governed by sections 255.05 and 713.23, Florida Statutes (1977) even though it incorporates those statutes].
In Houdaille the court was concerned with the absence of a reference to section 255.05 in the bond. The court concluded, in effect, that failure to mention section 255.05 did not automatically render the bond a common law bond.
For these reasons, we conclude that the expanded liability in the bonds under review renders them common law bonds subject to the general limitations period of section 95.11 and that the claims against the sureties were timely.
The fact that the lawsuit was brought by the college rather than by a materialman provides no basis for limiting the period for filing claims. See School Board of Pinellas County v. St. Paul Fire & Marine Insurance Co., 449 So.2d 872 (Fla. 2d DCA 1984).
Reversed and remanded.