468 So.2d 431 (1985)
The SCHOOL BOARD OF VOLUSIA COUNTY, Appellant,
v.
FIDELITY COMPANY OF MARYLAND, Appellee.
No. 84-621.
District Court of Appeal of Florida, Fifth District.
May 2, 1985.
*432 John W. Bakas, Jr., of Lawson, McWhirter, Grandoff & Reeves, Tampa, for appellant.
Steven A. Werber and E. Robert Meek, of Commander, Legler, Werber, Dawes & Sadler, Jacksonville, for appellee.
SHARP, Judge.
The School Board of Volusia County (the Board) appeals from the dismissal of its complaint against Fidelity Company of Maryland (Fidelity). Fidelity was the surety that executed a performance bond for Snead Construction Company, the general contractor for the roofing and installation work done on the Board's new Spruce Creek High School. We affirm.
The performance bond was executed in 1974; and the school was substantially completed and accepted by the Board as owner on June 24, 1975. Latent defects in the roof of the school appeared no earlier than 1979. This suit was filed on July 11, 1983.
Although the lawsuit may have been timely as to the roofing contractor, roofing supplier, the architect and other defendants, § 95.11(3)(c), Fla. Stat. (1983),[1] it is well established that a suit on a common law performance bond[2] is an action on a "contract, obligation, or liability founded on a written instrument." § 95.11(2)(b). That period of limitations is five years. United Bonding Insurance Company v. City of Holly Hill, 249 So.2d 720 (Fla. 1st DCA 1971); see also Balboa Insurance Company v. W.C.B. Associates, Inc., 390 So.2d 172 (Fla. 5th DCA 1980); General Electric Company v. Commercial Standard Insurance Company, 335 So.2d 624 (Fla. 1st DCA), cert. denied, 342 So.2d 1100 (Fla. 1976); but see Florida Keys Community College v. Insurance Company of North America, 456 So.2d 1250 (Fla. 3rd DCA 1984).
There is no comparable deferral of accrual of a cause of action for latent undiscovered defects in section 95.11(2)(b), unlike the four year statute of limitations found in section 95.11(3)(c). Therefore, *433 whether the statute of limitations began to run when the bond was executed or when the certificate of completion was accepted by the Board in 1975, in any event, it had run in this case.[3] This results in the anomaly of being able to hold an "obligee" liable under a performance bond at a time the suit against the surety has been timebarred. If this is not the intent of the Legislature, then it should make the necessary statutory changes. We cannot reach any other conclusion unless we depart from the clear wording of the statutes and the substantial precedent interpreting them.
Because we base our decision on application of the statute of limitations we do not reach the additional issue raised by the parties as to whether latent defects are covered under a performance bond after the building is substantially completed. See Florida Board of Regents v. Fidelity & Deposit Company of Maryland, 416 So.2d 30 (Fla. 5th DCA 1982); but see Florida Keys Community College; School Board of Pinellas County v. St. Paul Fire and Marine Insurance Company, 449 So.2d 872 (Fla. 2d DCA), rev. denied, 458 So.2d 274 (Fla. 1984).
AFFIRMED.
COWART, J., concurs.
DAUKSCH, J., concurs in conclusion only.
NOTES
[1] This statute provides for a four year statute of limitation for "An action founded on the design, planning, or construction of an improvement to real property, with the time running from the date of actual possession by the owner, the date of issuance of a certificate of occupancy the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer, whichever date is latest; except that, when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence."
[2] We assume for purposes of this appeal that the bond involved in this case is a common law bond rather than a statutory bond, § 255.05, Fla. Stat. (1983). The parties did not address this issue, but it is not material to our decision.
[3] Florida Board of Regents v. Fidelity & Deposit Company of Maryland, 416 So.2d 30 (Fla. 5th DCA 1982); District School Board of Desoto County v. Safeco Insurance Company, 434 So.2d 38 (Fla. 2d DCA 1983).