604 So.2d 850 (1992)
BOARD OF COUNTY COMMISSIONERS OF POLK COUNTY, FLORIDA, Appellant,
v.
The AETNA CASUALTY & SURETY COMPANY and Barton Malow Company, Appellees.
No. 91-02973.
District Court of Appeal of Florida, Second District.
July 17, 1992.
Rehearing Denied September 21, 1992.
Robert L. Trohn and Charles T. Canady of Lane, Trohn, Clarke, Bertrand & Williams, P.A., Lakeland, for appellant.
John W. Frost, II, of Frost & Dale, P.A., Bartow, Ronald S. Holliday of Dykema Gossett, Tampa, for appellee, Aetna Cas. & Sur. Co.
No appearance for appellee, Barton Malow Co.
BLUE, Judge.
The Board of County Commissioners of Polk County (Polk) appeals the trial court's granting of The Aetna Casualty and Surety Company's (Aetna) motion to dismiss count IV of Polk's counterclaim.[1] Aetna's motion alleged a statute of limitations defense based on a bond provision that limited liability to one year according to section 255.05(2), Florida Statutes (1983).
The trial court correctly determined that the one-year statute of limitations is applicable when latent defects are the subject of claims against a prime contractor. Dist. School Bd. v. Safeco Ins. Co., 434 So.2d 38 (Fla. 2d DCA 1983). On that point we affirm. We hold, however, that the trial court erred in granting Aetna's motion to dismiss because the counterclaim does not show on its face a statute of limitations violation.
The original complaint was filed in 1987 by Barton Malow Company, the prime contractor for the Imperial Polk County judicial *851 complex. Aetna, Barton Malow's bonding company, was not joined as a party until Polk filed its first amended counterclaim and cross-claim in 1991. Polk filed a counterclaim against Barton Malow Company in 1988 and at that time alleged the building was completed and occupied prior to the counterclaim's filing date. Polk adopted the earlier allegations of the 1988 counterclaim within pleadings directed to other parties in 1990. Polk's first amended counterclaim and cross-claim filed in 1991 included the counterclaim against Aetna but contained no allegations concerning the date of completion or acceptance of the building.
The counterclaim referenced the contract which was attached to other pleadings. The contract provided, "The Work to be performed under this contract shall be commenced within ten (10) calendar days after `Notice to Proceed' and subject to authorized adjustments, substantial completion shall be achieved no later than seven hundred fifty (750) calendar days." The pleading does not reflect the date of substantial completion from which the statute of limitations would run. The date of substantial completion cannot be presumed since the commencement date was undetermined and the date of substantial completion was subject to authorized adjustments.
Florida Rule of Civil Procedure 1.110(d) provides, "affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense under Rule 1.140(b)... ." The rule does not define prior pleading, and we have not found any cases in Florida specifically defining the term as it appears in Rule 1.110(d).
A number of cases hold that affirmative defenses must appear on the face of the complaint. Ehmann v. Florida National Bank at Ocala, 515 So.2d 1063 (Fla. 5th DCA 1987); Vaswani v. Ganobsek, 402 So.2d 1350 (Fla. 4th DCA 1981); Frank v. Campbell Property Management, Inc., 351 So.2d 364 (Fla. 4th DCA 1977); Ecological Science Corp. v. Boca Ciega Sanitary Dist., 317 So.2d 857 (Fla. 2d DCA 1975). This court reversed the granting of a motion to dismiss that was based on a consideration of all the pleadings, including a request for admissions, because the affirmative defense did not appear on the face of the complaint. H.E. Temples v. Florida Industrial Construction Co., Inc., 310 So.2d 326 (Fla. 2d DCA 1975).
Although the decision in the instant case may be perceived as delaying the inevitable, as Judge Boardman noted in Temples, a motion to dismiss must not be substituted for judgment on the pleadings or summary judgment. Trial counsel should choose carefully the field upon which they wage their battles. Motions to dismiss are not favored methods of terminating litigation. Aetna may or may not be entitled to judgment on the pleadings or summary judgment. This case may or may not be ripe for one or the other of these motions. It is not appropriate for a motion to dismiss.
A motion to dismiss is directed logically to a specific pleading and party. We hold that in applying Florida Rule of Civil Procedure 1.110(d) to the question of dismissal on the basis of affirmative defenses, "prior pleading" is only the pleading to which the motion to dismiss is directed. A "prior pleading" can only be a "claim for relief" as defined in Florida Rule of Civil Procedure 1.110(b). The affirmative defense must appear on the face of the "prior pleading".
In the instant case, Polk's counterclaim against Aetna does not contain information within the four corners of that pleading necessary to make the finding of a violation of the statute of limitations. The trial court therefore erred in dismissing Polk's claim against Aetna on that basis. We reverse the trial court's granting of the motion to dismiss.
Affirmed in part; reversed in part.
SCHOONOVER, A.C.J., concurs.
HALL, J., dissents with opinion.
HALL, Judge, dissenting.
While I have no quarrel with the law cited by the majority, I disagree with their holding that the counterclaim of the Board of County Commissioners of Polk County does not contain information within its four corners necessary to make the finding that *852 the statute of limitations bars the board's claim against Aetna under the public construction bond it issued as surety for the general contractor, Barton Malow, of the Imperial Polk County Judicial Complex.
The counterclaim refers to the bond, which is in turn attached to the counterclaim. The counterclaim alleges, and the bond itself provides, that the bond is conditioned upon Barton Malow's performance of its contract with the board for construction of the judicial complex. Thus, the contract between Barton Malow and the board is necessarily within the four corners of the counterclaim. The board alleges in its counterclaim that it has performed all conditions of the contract for which it is responsible. One of those conditions is, of course, payment. The contract provides that the board was to make final payment to Barton Malow upon completion of the work and full performance of the contract. The contract provides a substantial completion date of seven hundred and fifty days from the date of the contract, June 26, 1984. Thus, under the contract, in the late summer of 1986, the one-year statute of limitations began to run. § 255.05(2), Fla. Stat. (1983). The board did not file an action against Aetna on the public construction bond until April 2, 1991. Consequently, the board's action against Aetna is barred by the statute of limitations and the trial court properly granted Aetna's motion to dismiss.
NOTES
[1] We are uncertain how this first time pleading between Polk and Aetna became a counterclaim, but it is not an issue, and both parties seem comfortable with the label.