BLUE, Judge,
dissenting.
I respectfully dissent. I conclude that when a surety bond incorporates a construction contract by reference, such incorporation does not also incorporate the statute of limitations applicable to the construction contract into the surety bond. The majority opinion concludes that such an incorporation has occurred and so adds a tolling provision to the statute of limitations governing payment and performance bonds. The majority’s holding conflicts with prior decisions of the courts of our state. I believe the issue involved is one of great public importance because of the impact our decision will have on bonded construction and related industries.
The Fifth District Court of Appeal, the only other Florida district court of appeal to consider this question, reached a conclusion with which the majority decision directly conflicts. In School Board of Volusia County v. Fidelity Co. of Maryland, 468 So.2d 431 (Fla. 5th DCA 1985), suit was brought on a performance bond more than five years after the completion of construction. In affirming the dismissal of the claim, the district court held that, based on the statute of limitations applicable to contracts in writing,[2] the action on the bond was barred after five years. The court noted the existence of an “anomaly,” in that the contractor might continue to be liable for latent defects due to the tolling provision contained in the statute of limitations applicable to contracts for the improvement of real property.[3] Although School Board of Volusia County does not state that the bond incorporated the construction contract, such an incorporation would be the only basis for a claim against the bond.[4] The court determined that the limitations period on the bond was not tolled and said, “If this is not the intent of the Legislature, they should make the necessary statutory changes.” 468 So.2d at 433. See also District Sch. Bd. of DeSoto County v. Safeco Ins. Co., 434 So.2d 38, 39 (Fla. 2d DCA 1983) (“If the legislature had intended that the existence of latent defects in the building would toll the beginning of that naturally-understood statute of limitations period as to actions against the surety, we must presume that the legislature would have said so as it did in section 95.11(3)(c), Florida Statutes (1981).”).
The majority opinion relies on the Florida Supreme Court’s decision in American Home Assurance Co. v. Larkin General Hospital, Ltd., 593 So.2d 195 (Fla.1992) (Larkin II), to support its conclusion. I contend that a careful reading of Larkin II supports the conclusion I have reached. Larkin II involved the examination of three district court cases: American Home Assurance Co. v. Larkin General Hospital, Ltd., 571 So.2d 124 (Fla. 3d DCA 1990) {Larkin I); Arbor Club of Boca Raton, Inc., Ltd. v. Omega Construction Co., Inc., 565 So.2d 357 (Fla. 4th DCA), review dismissed, 576 So.2d 294 (Fla.1990); and United States Fidelity & Guaranty Co. v. Gulf Florida Development Corp., 365 So.2d 748 (Fla. 1st DCA 1978). Each of these cases involved the question of a surety’s liability for delay damages occasioned by the bonded contractor. There is no question that in each of these cases the construction contract provided that the contractor may be responsible for damages caused by the contractor’s delay. In Larkin I and Arbor Club, the district courts held the surety to be equally responsible under the bond. In Gulf Florida, the opposite result was reached.
In approving Gulf Florida and disapproving the decisions in Larkin I and Arbor Club, the supreme court said:
The court in Arbor Club failed to construe the language in the performance bond in *1136 harmony with the subject matter of the bond and with the purpose of the bond. The purpose of a performance bond is to guarantee the completion of the contract upon default by the contractor. Ordinarily a performance bond only ensures the completion of the contract. The surety agrees to complete the construction or to pay the obligee the reasonable costs of completion if the contractor defaults.
The liability of a surety is coextensive with that of the principal. However, the surety’s liability for damages is limited by the terms of the bond. Florida courts have long recognized that the liability of a surety should not be extended by implication beyond the terms of the contract, i.e., the performance bond.
593 So.2d at 198 (citations omitted).
The facts in Arbor Club include the notation that the bond incorporated the construction contract by reference which is the keystone for reversal in the instant majority opinion.[5] In spite of the fact that the bond incorporated the construction contract, the supreme court refused to hold the surety responsible for all damages for which the contractor was liable.
Is there an analogy to the case before us? I believe so. The majority opinion would extend the bond company’s liability beyond that which is contained within the bond contract itself. There is no question, at least in this district, that by incorporating the construction contract into the bond, the bonding company is responsible for latent defects which the contractor has agreed to cure in the construction contract. See School Bd. of Pinellas County v. St Paul Fire & Marine Ins. Co., 449 So.2d 872 (Fla. 2d DCA 1984). However, to make the bonding company responsible for latent defects beyond the five-year statute of limitations applicable to the bond, the majority also incorporates the statute of limitations applicable to the construction contract. Clearly, it was not the intent to have that extended period of limitations applicable to this bond. The bond itself contains a provision limiting actions on the bond contract to two years. Although the provision is not> enforceable,[6] it is a clear indication of the intent to limit the period of potential liability.
The majority opinion makes the claim against the bonding company actionable more than ten years after completion of the bonded construction. It does this by explaining that the cause of action does not accrue until the latent defect is discovered and only then does the five-year statute of limitations begin to run. This analysis purely and simply attaches a tolling period to the statute of limitations applicable to the bond. It is the tolling provision in section 95.11(S)(c) which permits a cause of action beyond the four-year limitations period in this section. To make the latent defects actionable against the bonding company requires imposing a tolling period within section 95.11(2)(b), which School Board of Volusia County and this court have held is a legislative determination. The majority opinion also extends the liability on the bond by implication beyond the terms of the bond contract. This additional burden is in derogation of the analysis provided by our supreme court in Larkin II.
Perhaps I oversimplify the problem. I see this as being a question of whether incorporation of a contract results in incorporating the statute of limitations applicable to the incorporated contract. Perhaps this should be the law of the state of Florida; however, the implications arising from such an application should be carefully studied.
I respectfully dissent. I would certify conflict with School Board of Volusia County v. Fidelity Co. of Maryland, 468 So.2d 431 (Fla. 5th DCA 1985), and certify the issue as one of great public importance.

. § 95.11(2)(b), Fla. Stat.

. § 95.11(3)(c), Fla. Stat.

. Incorporating by reference of the construction contract into a payment and performance bond is believed to be universally employed by the bond industry. See § 255.05(3), Fla. Stat. (relating to public bonds); 17 AM. JUR. 2D, Contractors’ Bond §§ 3 and 52 (1990) (checklist for drafting bonds); Couch on Insurance 2d (Rev. ed.) § 47.20.

. Although the facts in United States Fidelity & Guaranty Co. v. Gulf Florida Development Corp., 365 So.2d 748 (Fla. 1st DCA 1978), and American Home Assurance Co. v. Larkin General Hospital, Ltd., 571 So.2d 124 (Fla. 3d DCA 1990), do not include a reference to the bond incorporating the construction contract by reference, only through such incorporation could there be a claim for delay damages.

. § 95.03, Fla. Stat.