GROSS, Judge,
dissenting.
I believe that the statute of limitations contained in section 255.05(2), Florida Statutes (1989), properly applies to the payment portion of the statutory bond, but not to the performance aspect of it. This reading is supported by the language of subsection 2 which is directed at those claimants who would seek to enforce a payment bond— materialmen or suppliers who have not been paid by the general contractor. Additionally, the bond in this case tracked the form contained in section 255.05(3), which includes as a condition of the bond that the contractor “[pjerform the guarantee of all work and materials furnished under the contract for the time period specified in the contract.” The contract between the city and the contractor contains guarantees of certain aspects of the project extending as long as ten years after substantial completion. The statute of *936 limitations should be construed as harmonious with the terms of the bond. It should not be interpreted to nullify an obligation of a contractor which extends beyond the one-year limitation period.
In 1993, the legislature amended section 255.05(2) to state that the one-year statute of limitations applied to suits against payment bonds only. See Ch. 93-96, at 511, Laws of Fla. The descriptive title of the statute indicated that the amendment was
adding language clarifying that the 1-year limitation period is applicable only to payment bonds and payment provisions of combined payment and performance bonds.
(Emphasis supplied). Id. The descriptive title of a statute in enacting legislation is an indicator of legislative intent. Sun Bank/South Florida v. Baker, 632 So.2d 669, 672 n. 8 (Fla. 4th DCA 1994). Because it was intended to clarify section 255.05(2), the 1993 amendment “may properly be considered in gauging the correct meaning” of the earlier version of the statute. Id. at 672.
The cases cited by the majority do support the appellee’s position, but they are not sound. The seminal case is Florida Board of Regents v. Fidelity & Deposit Co. of Maryland, 416 So.2d 30 (Fla. 5th DCA 1982). That decision extended the one-year statute of limitations to cover performance bonds, primarily relying on a case that dealt with a payment bond, Miller v. Knob Constr. Co., 368 So.2d 891 (Fla. 2d DCA 1979). The later cases followed Florida Board of Regents without significant critical analysis. See Board of County Commr’s of Polk County, Fla. v. Aetna Cas. & Sur. Co., 604 So.2d 850 (Fla. 2d DCA 1992); see also District School Bd. of Desoto County v. Safeco Ins. Co., 434 So.2d 38 (Fla. 2d DCA 1983). This court should reverse the summary final judgment and certify conflict with these opinions.