J. HENRY DECUMBE v. M. ELIZABETH SMITH, *et vir.*

196 So. 595
En Banc
Opinion Filed May 17, 1940
Rehearing Denied June 19, 1940

*John S. Byington* and *Curtis Basch,* for Petitioner;

*Thomas N. Tappy,* and *Dighton, Shelley & Mabry,* for Respondents.

CHAPMAN, J.—On December 18, 1939, J. Henry De-Cumbe filed in the Circuit Court of Volusia County, Florida, his bill of complaint against the defendants, M. Elizabeth Smith, and husband, in which it was alleged that the plaintiff was the owner in fee simple of certain real estate situated in Daytona Beach, Volusia County, Florida, upon which was located a hotel known as "Orange Villa Hotel," containing forty-five rooms worth approximately $30,000.00 or $35,000.00 and the daily receipts of the hotel amounted approximately to from $40.00 to $50.00.

It further alleged that the plaintiff, on October 12, 1938, executed to M. Elizabeth Smith an option to buy the hotel property for amount therein stipulated, a part to be paid in cash and the residue properly secured, and that the option expired on April 3, 1939, and the defendant failed to exercise the option to purchase the property and the same was as a matter of law rendered null and void.

On October 14, 1938, plaintiff entered into a written management agreement with the defendant whereby she was to operate and manage the hotel from October, 1938, until April, 30, 1939, and said agreement was subsequently extended by consent of the parties until November 1, 1939, and the defendant went into possession of the hotel property under this agreement. It was the duty of the defendant to

account under the terms of the management agreement to the plaintiff for all moneys received while in the possession and management of the property, but this she failed or omitted so to do.

The plaintiff, on November 17, 1939, terminated the management agreement with the defendant and demanded an accounting and the possession of the said hotel property, but the possession was refused the plaintiff and an accounting of all the moneys going into her possession as manager was also refused the plaintiff by the defendant. The possession of the property was denied the plaintiff and the rents, revenues and income therefrom withheld and unlawfully retained by the defendant, thereby depriving plaintiff of substantial property rights and causing him irreparable injury.

The prayer of the bill seeks: (a) an accounting; (b) a decree for such amount as shall be found due the plaintiff by the defendant; (c) that the defendant be restrained from interfering with the plaintiff in the operation and management of the hotel property; (d) that a receiver be appointed.

On December 20, 1939, the relief prayed for was by the court below denied. The defendants filed an answer and a counterclaim, and motions directed thereto were filed by the plaintiff. On January 16, 1940, the lower court appointed Frank White receiver of the property, and on February 5, 1940, he died, and Edith C. Wright was appointed successor receiver. On petition for rehearing, the lower court, on March 26, 1940, entered an order vacating the order appointing a receiver and successor receiver, and the successor receiver was discharged by the said order. On petition for a writ of certiorari filed in this Court by the plaintiff below, it is contended said order dated March 26, 1940, is erroneous.

It is well established law that the allowance of a temporary injunction rests in the sound judicial discretion of the

trial court, guided by the established rules and principles of equity jurisprudence arising from the facts of the particular case. See McMullen v. Pinellas County, 90 Fla. 398, 106 So. 73; Savage v. Parker, 53 Fla. 1002, 43 So. 507; Gillis v. State Live Stock Sanitary Board, 94 Fla. 890, 114 So. 509.

It is necessary for the appointment of a receiver to make it appear that the plaintiff owns the property in controversy or has a clear legal right thereto. See Apalachicola Northern R. Co. v. Sommers, 79 Fla. 816, 85 So. 361. The appointment of a receiver of property during litigation rests in the sound discretion of the court but certain well-established rules shall be observed in the exercise of the discretion of the court. See Mirror Lake Co. v. Kirk Securities Corp., 98 Fla. 946, 124 So. 719; Lehman v. Trust Co. of America, 57 Fla. 473, 49 So. 502.

The record here shows that the plaintiff is the owner of hotel property valued at approximately $30,000.00 and entered into a written manager's agreement for the operation thereof and the time named in the manager's agreement expired and the agreement terminated. The owner demanded the possession of his property and an accounting, but the possession was denied him and the accounting refused. He filed a suit in chancery for an accounting, restraining order against the defendants interfering therewith, and the appointment of a receiver during the litigation. There was no lawful reason shown by the record why the plaintiff should not have had the relief prayed for in the said bill of complaint. The denial of the relief by the lower court as prayed for in the bill of complaint was error.

The writ of certiorari prayed for is hereby granted and the interlocutory order dated March 26, 1940, is hereby reversed

and the cause remanded for further proceedings in the lower court not inconsistent with this opinion.

It is so ordered.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD and THOMAS, J. J., concur.