**CHARLES S. CONE, et al., v. LOTTIE K. BENJAMIN, et al.**

8 So. (2nd) 476                                    Division B
April 17, 1942                        On Rehearing May 26, 1942
                              Rehearing Denied June 22, 1942

James H. Finch, Harry H. Wells, Tage Johnson (Chicago, Ill.) Harry Hamill (Chicago, Ill.) and Edward Schatz, (Chicago, Ill.), for appellants.

McKay, Macfarlane, Jackson & Ferguson, for Royal Indemnity Company and Globe Indemnity Company, Raney, Raney & Anderson for Maryland Casualty Company, J. W. Davis for Lottie K. Benjamin, as Executrix, etc., and as Administratrix, etc., J. W. Davis, as Administrator, etc., Carey and Harrison for Ellis R. Stetson and Martha A. Stetson, his wife, appellees.

CHAPMAN, J.:

The record here discloses that Harrison J. Stewart and wife, Ada Cone Stewart, were an aged and childless couple residing in Pinellas County, Florida, and were killed in an automobile collision with a train on the 28th day of January, 1931. The husband died about one hour prior to the wife and each left a will wherein the other was made the sole beneficiary. The two wills were admitted to probate in Pinellas County, Florida.

On February 11, 1931, letters testamentary were issued by the County Judge's Court of Pinellas County to Roy L. Benjamin upon the estate of Harrison J. Stewart, conditioned upon the fiing of a suitable bond, which was approved in the sum of $25,000.00, and the Royal Indemnity Company was surety. On March 30, 1931, letters testamentary were issued to Roy L. Benjamin on the estate of Ada Cone Stewart by the County Judge's Court of Pinellas County and a bond by Royal Indemnity Company, as surety, in the sum of $5,000.00 was approved.

Appraisers were appointed to view and appraise the property of the two estates, and their report filed in

the County Judge's Court of Pinellas County fixed the value of Harrison J. Stewart's estate at the sum of $47,305.68. While the record failed to disclose the appraised value of the Ada Cone Stewart estate, the fact that her husband predeceased her, the entire estate of her husband passed under his last will and testament to Ada Cone Stewart. The property or holdings of the estate consisted largely of stocks, bonds, cash, mortgages on real estate, life insurance, and other personal property.

Roy L. Benjamin, as Administrator cum testamento annexo of the Estate of Harrison J. Stewart, deceased, filed in the Circuit Court of Pinellas County, Florida, a bill of complaint denominated "a bill for instructions to Administrator", in which the New England Mutual Life Insurance Company, Roy L. Benjamin, cum testamento annexo of Ada Cone Stewart, deceased, and unknown heirs of Ada Cone Stewart, deceased, were made defendants. It was alleged that Ada Cone Stewart left surviving no issue of her marriage and a diligent search and inquiry for the heirs of the decedent had been made but none could be found, but alleged that there are or might be some heirs, and therefore be unknown heirs of Ada Cone Stewart, and such unknown heirs were made defendants. A guardian ad litem was appointed, pleadings filed, and in conformity with orderly procedure the same were heard and a final decree entered May 6, 1932.

In part it was decreed viz:

"It Is Further Ordered and Decreed that Harrison J. Stewart, deceased, departed this life in the City of St. Petersburg, Pinellas County, Florida, on the 28th day of January, A. D. 1931, at 5:30 P. M. and that all

of his property, both real and personal, passed, under the terms of his will subject to administration of his estate, to his wife, Ada Cone Stewart, now deceased.

"It Is Further Ordered and Decreed, that Ada Cone Stewart (also known as Ada C. Stewart), departed this life in the City of St. Petersburg, Pinellas County, Florida, on the 28th day of January, A. D. 1931, at 6:30 P. M. and that she died a widow, and intestate; that at the time of her death, she had no living children, father, mother, brothers or sisters or their descendants, and had no paternal or maternal kindred, or any living relatives, and that her husband, Harrison J. Stewart, was not living at the time of her demise; that at the time of the death of Ada Cone Stewart, there were living heirs and kindred of her husband, Harrison J. Stewart;

It Is Further Ordered and Decreed that Ada Cone Stewart died under the condition set out and described in Section 5485 C. G. L., Fla. 1927, and all of her property, shall go to the kindred of her husband, Harrison J. Stewart; in like course as if the said husband, Harrison J. Stewart, had survived the said Ada Cone Stewart and then died entitled to the estate, and that the said heirs of Harrison J. Stewart, deceased, do receive the same under the proper administration of the estate of Ada Cone Stewart, deceased (also known as Ada C. Stewart).

It Is Further Ordered and Decreed that Roy L. Benjamin, as Administrator C.T.A. of the estate of Harrison J. Stewart, pay to Jos. S. Davis, the sum of $2250.00 as and for a reasonable fee for services herein rendered, and $117.23 for costs, and that the same be a lien against the assets of the said estate until paid."

On petition it was made to appear and the County Judge's Court of Pinellas County, on December 15, 1933, ordered a distribution of the said property to the heirs of Harrison J. Stewart viz:

"11 shares to David Clinton Stewart
11 shares to Augusta Ann Tuttle
11 shares to Lucy Alice Stewart Williams
 6 shares to Harrison Morgan Jones
 6 shares to Edith E. Jones Evans
 6 shares to Lucy Jane Kennedy Dooner
 6 shares to Clifford Stewart Kennedy
 6 shares to Marian E. Stewart Aplin
 5 shares to George Samuel Stewart
 4 shares to Evelyn Aplin
 4 shares to Lottie K. Benjamin
 4 shares to Wilmer Kennedy."

On January 12, 1935, Roy L. Benjamin died and the deceased's wife, Lottie K. Benjamin, was appointed Executrix of the Estate of Ada Cone Stewart, deceased, and made bond with the Maryland Casualty Company as surety. Joe W. Davis was appointed Executor of the estate of Harrison J. Stewart and filed and obtained approval of a bond with the Globe Indemnity Company as surety. Lottie K. Benjamin was made Executrix of the Estate of Roy L. Benjamin, deceased.

On May 29, 1935, an order was made and entered by the County Judge's Court of Pinellas County discharging Joe W. Davis as Executor of the Estate of Harrison J. Stewart and by the terms of the order released and discharged his bond and surety. On September 19, 1936, Lottie K. Benjamin, by an appropriate order of the County Judge's Court of Pinellas

County, was discharged as Executrix of the Estate of Ada Cone Stewart and her bond and surety were discharged by the terms of the same order.

On August 17, 1938, certain named heirs of Ada Cone Stewart filed in the Circuit Court of Pinellas County, Florida, an amended bill of complaint against the distributees named in the order of the County Judge's Court dated December 15, 1933, and the Executors of the Estates and their bondsmen.

The amended bill, in part, alleged the death testate of Harrison J. Stewart and Ada Cone Stewart, at St. Petersburg, Florida, on January 28, 1931, and that Ada Cone Stewart survived her husband about an hour; that the estates owned real and personal property and Harrison J. Stewart left relatives, *supra,* and that Ada Cone Stewart left surviving her twenty-two second cousins as her only heirs; the granting of letters testamentary by the County Judge's Court of Pinellas County to Roy L. Benjamin and the giving and approval of a bond by him in the sum of $25,000.00 with the Royal Indemnity Company as surety, for the administration of the Harrison J. Stewart estate, and a similar bond in the sum of $5,000.00, with the Royal Indemnity Company as surety, in connection with the administration of the Ada Cone Stewart Estate; that an appraisal of the Harrison J. Stewart Estate was fixed at the sum of $47,305.68, and that the Estate of Ada Cone Stewart possessed no assets; that the property of Harrison J. Stewart viz: Times bonds and Poinsettia Bonds were each sold by an order of the Court for a sum less than their true value; one Thomas mortgage was ordered sold at a loss of $1,000.00, while another mortgage was ordered sold at a loss of $2,500.00 to the Estate;

certain insurance which should have been paid to Ada Cone Stewart was paid to Harrison J. Stewart's Estate; and excessive Attorney's fees and Administrators' fees were allowed.

The amended bill further alleged the filing of a bill of complaint in the Circuit Court of Pinellas County by Roy L. Benjamin, as Executor, called a "bill for instructions to the Adimnistrator", in which many parties were made defendants, inclusive of the unknown heirs of Ada Cone Stewart, deceased; and, after filing orderly pleadings and issues reached, a final decree was entered adjudging, among other things, that Ada Cone Stewart survived her husband, Harrison J. Stewart, and that Ada Cone Stewart left no surviving heirs and the estate willed to her by the terms of her husband's will passed to and were distributed among the heirs of her deceased husband; and a fee in the sum of $2,250.00 was allowed the Administrator as attorney's fees.

The Executor filed a petition and obtained an order of distribution on the part of the County Judge's Court directing the payment of the Estate to the heirs of Harrison J. Stewart; and on January 12, 1935, Roy L. Benjamin died testate and his wife, Lottie K. Benjamin, was appointed Executrix of his Estate; and on May 29, 1935, the County Judge of Pinellas County entered an order discharging Roy L. Benjamin as Executor of the Harrison J. Stewart Estate and his bond and sureties were released and discharged; and on November 29, 1935, the County Judge of Pinellas County entered an order discharging Roy L. Benjamin as Executor of the Ada Cone Stewart Estate and his bond and sureties were discharged; on May 23, 1935, Lottie K. Benjamin was appointed Executrix of the

Estate of Ada Cone Stewart, on the death of her husband, and the surety bond in the sum of $8,000.00 was approved; and Joe W. Davis was appointed Executor of the Estate of Harrison J. Stewart, upon the death of Roy L. Benjamin, and a bond in the sum of $4,000.00, with surety, was given and approved; on November 25, 1935, Joe W. Davis was discharged and his bond released as Executor of the Harrison J. Stewart Estate; and on September 29, 1936, Lottie K. Benjamin was discharged as Executrix of Ada Cone Stewart's Estate and her bond and sureties released and discharged; that certain real estate, property of the Ada Cone Stewart Estate, was unlawfully distributed among the heirs, *supra,* of Harrison J. Stewart.

It was also alleged that the plaintiffs, as heirs of Ada Cone Stewart, were without knowledge of the death of Ada Cone Stewart until three months prior to August 17, 1938; that false and fraudulent representations were made to the Circuit Court and the County Judge's Court to the effect that Ada Cone Stewart had no living heirs, and because of these false and fraudulent representations they obtained the order of distribution of the goods and chattels, by operation of law descending to the heirs of Ada Cone Stewart, to the heirs of Harrison J. Stewart; and that the decree dated May 6, 1932, entered by the Circuit Court of Pinellas County, were each fraudulently obtained.

The amended bill prayed for an annulment and vacation of a certain deed, the chancellor's decree and probate orders approving accounts of and discharging the Executors and that Lottie K. Benjamin and Joe W. Davis be decreed to be active representatives of

said Estates, and that said sureties on the bonds of the Executor as Administratrix be decreed to be liable for the respective sums and amounts due the plaintiffs as sole heirs at law of Ada Cone Stewart, deceased.

Motions to dismiss the amended bill of complaint for want of equity were filed by: (a) Joe W. Davis; (b) Lottie K. Benjamin, as an individual; (c) Royal Indemnity Company (d) Globe Indemnity Company; and (e) Maryland Casualty Company, and the same were by the lower court granted, and on petition for interlocutory writ of certiorari the same was affirmed by this Court. See Cone, et al., vs. Benjamin, et al., 145 Fla. 22, 199 So. 927, and Cone, et al., v. Benjamin, 142 Fla. 604, 195 So. 416.

A second amended bill of complaint was filed in which all the material allegations of the first amended bill were set forth and alleged, and, in addition thereto, as contended by counsel, a vast amount of new matters of fact are set forth consisting of approximately 24 pages and embracing several paragraphs, ranging from the 7th to the 114th, inclusive. Exhibits numbered from 1 to 116, inclusive, are attached and by appropriate language made a part of the second amended bill of complaint. These exhibits are copies of the proceedings had in the County Judge's Court of Pinellas County incident to the administration of the two Estates; and likewise copies of pleadings and exhibits filed in the Circuit Court of Pinellas County by the Executor and referred to as a "bill for instructions to the Administrator."

The second amended bill, and all Exhibits made a part therof, have been examined and carefully considered; likewise the able and exhaustive brief filed in support of the second amended bill of complaint.

The learned chancellor below was of the opinion
that the second amended bill of complaint was with-
out equity as to certain defendants, viz: (1) Lottie
K. Benjamin, as Administratrix of the Estate of Ada
Cone Stewart and as Executrix under the Last Will
and Testament of Roy L. Benjamin; (2) Joe W.
Davis, individually and as Executor of the Estate of
Harrison J. Stewart; (3) Royal Indemnity Company,
surety on the bond of Roy L. Benjamin, et al., (4)
Globe Indemnity Company, surety on the bond of
Joe W. Davis, et al; (5) and Maryland Casualty Com-
pany, as surety on the bond of Lottie K. Benjamin,
as Executrix, et al., and on June 16, 1941, entered an
order sustaining a motion to dismiss as against the
aforesaid defendants; and on July 15, 1941, the
lower court denied an application for the appointment
of a Receiver of certain described property, which it
is contended by operation of law descended to the
heirs of Ada Cone Stewart, plaintiffs in the case at
bar.   These two orders are before the Court for a
review on petition for interlocutory writ of certiorari.

Counsel for respondents contend that the additional
new matter appearing in the second amended bill fails
to alter or change the legal status of the Executors of
the Estates, or their liability under the several bonds
approved and before the court during the period of
administration thereon, and for this reason the rule
enunciated by this Court in Cone v. Benjamin, 145
Fla. 22, 199 So. 927, is controlling and that the order
of dismissal entered by the chancellor below should
be sustained.

Cousel for petitioners propound twelve questions
for adjudication, and in support thereof filed a brief
consisting of 131 pages to sustain the several ques-

tions posed for adjudication. The briefs have been read and the authorities cited examined in the light of the views expressed in the briefs; able oral argument has been heard at the bar of this Court, and the case has been exhaustively and ably presented on the part of counsel for the respective parties.

Harrison J. Stewart and wife, Ada Cone Stewart, died on January 28, 1931, and both Estates were in the process of administration when the 1933 Probate Act became a law. Relief is prayed for against the sureties on these bonds as well as the Executors and Executrix administering the two Estates. Each of the bonds are conditioned substantially viz:

"The Conditions of This Obligation Are Such, That if the above bounded Roy L. Benjamin, as Administrator with the will annexed of all and singular the goods and chattels, rights and credits of Harrison J. Stewart, deceased, do make, or cause to be made, a true and perfect inventory of all and singular the goods, chattels, rights and credits of the said deceased, which have or shall come to the hands, possession or knowledge of him, the said Roy L. Benjamin, or into the hands of any person or persons for him and the same so made do cause to be filed in the office of the County Judge, in and for Pinellas County, on or before the 5th day of April, A. D. next ensuing."

Section 5534 C. G. L. provides the form of bonds for administrators and the approval thereof prior to the issuance of letters of administration and that the bond shall be "payable to the Governor of the State of Florida and his sucessors in office, conditioned to faithfully perform all duties as such administrator according to law." The bonds required of an executor

shall contain conditions similar to the conditions required of an administrator. See Sections 5535, 5536, 5537, 5538 and 5539 C. G. L.

In the case of a testate estate, like the estates here involved, the obligation to administer the estate according to law means to administer it according to the will of the deceased, since the law requires it to be administered after the will has been probated. See 21 Am. Juris. Par. 717, page 785. The liability of a surety is coextensive with that of his principal, within the terms of the contract of suretyship with reference to official acts and defaults. In fixing the liability of a surety for the fraud of his principal, the rule appears established that as long as the surety keeps aloof from the conduct of the trust, the faithful administration of which the surety guarantees, and seeks no personal profit, he can or may stand on the letter, terms and conditions of his bond. If he participates in the fraud, he may be held to a knowledge of all facts vitiating the transaction and may become equaly liable with the principal. See 21 Am. Juris. Pars. 3733-4, pages 791-2-3. It is our conclusion that the additional facts, parties and allegations appearing in the second amended bill of complaint are legally insufficient to show a breach of the condition of the bonds, or that either of the sureties acted in bad faith or confederated with either of the principals so as to constitute a breach of the conditions of said bonds. We are unable to find error in the challenged order dated June 16, 1941.

It is next contended that the lower court erred in refusing to appoint a receiver of the property asserted to be owned by the heirs of the late Ada Cone Stewart. We have carefully considered the pleadings, briefs

and authorities cited. If the application had been made to the writer of this opinion and the law authorized him so to do, the receiver would have been appointed. It is a strong application to be denied, but we are hesitant to hold the ruling of the chancellor below erroneous. These matters rest largely in the discretion of the chancellor. See Decumbe v. Smith, 143 Fla. 5, 196 So. 595; Dixie Music Co., Inc. v. Pike, 135 Fla. 671, 185 So. 441.

The petition for an interlocutory writ of certiorari is hereby denied and the order on the motion to dismiss is affirmed.

BROWN, C. J., TERRELL, and THOMAS, JJ., concur.

### ON PETITION FOR REHEARING

CHAPMAN, J.:

On petition for rehearing it is suggested that the lower court omitted and failed to give proper consideration to the appellants' application for the appointment of a receiver with the power and authority to collect the rents, insure the buildings against loss and destruction by fire, make reasonable repairs, pay the taxes, and otherwise conserve and protect the property involved in this litigation until an order of discharge shall or may be entered in the premises.

We have re-examined the record in the light of the contention made by counsel for the appellants, and have concluded that the chancellor below should have granted the application and appointed a suitable and competent person to act as receiver of the property here involved.

The previous order of this Court denying the application for an interlocutory writ of certiorari and

affirming the order of the lower court is hereby modified, with directions to the lower court to enter an order appointing a receiver of the property pending this litigation.

It is so ordered.

BROWN, C. J., WHITFIELD, TERRELL, and BUFORD, JJ., concur.

THOMAS, J., adheres to original opinion by CHAPMAN, J.