593 So.2d 195 (1992)
AMERICAN HOME ASSURANCE COMPANY, Petitioner,
v.
LARKIN GENERAL HOSPITAL, LTD., Respondent.
No. 77286.
Supreme Court of Florida.
January 2, 1992.
Rehearing Denied March 4, 1992.
*196 James F. Crowder, Jr. and J. Steven Hudson, Kimbrell & Hamann, P.A., Miami, for petitioner.
James E. Glass and Linda Dickhaus Agnant, James E. Glass Associates, Miami, for respondent.
McDONALD, Justice.
We have for review American Home Assurance Co. v. Larkin General Hospital, Ltd., 571 So.2d 124 (Fla. 3d DCA 1990), in which the district court certified direct conflict with United States Fidelity & Guaranty Co. v. Gulf Florida Development Corp., 365 So.2d 748 (Fla. 1st DCA 1978).[1] The issue is whether a surety on a performance bond can be held liable for consequential delay damages caused by the contractor's default. We hold that a surety cannot be held liable for delay damages due to the contractor's default unless the bond specifically provides coverage for delay damages.[2]
Larkin General Hospital, Limited (Larkin) entered into a contract with a contractor, H Corporation/Cazo-Ardivan Joint Venture II (H Corporation), for the construction of improvements at the Larkin General Hospital in Dade County. American Home Assurance Company (American) executed and issued a performance bond to Larkin. The construction contract required the work to commence on or about January 1, 1983 and to be substantially completed no later than May 31, 1984. As of May 31, 1984, the project was slightly over eighty percent complete. Larkin, however, did not terminate the contract at this time. On November 23, 1985, eighteen months after the projected completion date, a dispute arose between Larkin and H Corporation. Larkin immediately terminated the contract and gave American notice of the default. American elected not to complete the project, and Larkin had the contract completed using another contractor.
In February 1986, Larkin brought suit against American for breach of the performance bond. Subsequently, H Corporation, pursuant to the terms of the construction contract, filed a demand for arbitration. In March of 1988, the arbitration panel entered a net award against H Corporation and in favor of Larkin in the amount *197 of $1,860,545. Larkin filed an application to confirm the arbitration award against H Corporation and American which the trial court granted. The trial court held that American's liability to Larkin included delay damages. The trial court entered a corrected final judgment for $2,314,579.58 and, thereafter, assessed attorney's fees against American for amounts incurred by Larkin in the arbitration confirmation proceedings.
On appeal the Third District affirmed the trial court but certified conflict with the First District Court of Appeal's decision in Gulf Florida. The First District held in Gulf Florida that, under the terms of a performance bond, a surety was not liable for damages caused by delays in completing the contract. 365 So.2d at 751.
A bond is a contract, and, therefore, a bond is subject to the general law of contracts. Crabtree v. Aetna Cas. & Sur. Co., 438 So.2d 102 (Fla. 1st DCA 1983). The intent of the parties to the contract should govern the construction of a contract. Underwood v. Underwood, 64 So.2d 281 (Fla. 1953). To determine the intent of the parties, a court should consider the language in the contract, the subject matter of the contract, and the object and purpose of the contract. Clark v. Clark, 79 So.2d 426 (Fla. 1955).
The language of the performance bond in the case at bar is identical to the language in the performance bond in Arbor Club, Inc. v. Omega Constr. Co., 565 So.2d 357 (Fla. 4th DCA), review dismissed, 576 So.2d 294 (Fla. 1990), and Gulf Florida. The Fourth District has interpreted the language in performance bonds to include delay damages. Arbor Club; St. Paul Fire & Marine Ins. Co. v. Woolley/Sweeney Hotel No. 5, 545 So.2d 958 (Fla. 4th DCA), review denied, 553 So.2d 1166 (Fla. 1989). In doing so, the Fourth District in Arbor Club specifically focused on the following standard language of performance bonds:
Whenever Contractor shall be, and declared by Owner to be in default under the Contract, the Owner having performed Owner's obligations thereunder, the Surety may promptly remedy the default, or shall promptly
1) Complete the Contract in accordance with its terms and conditions, or
2) Obtain a bid or bids for completing the Contract in accordance with its terms and conditions, and upon determination by Surety of the lowest responsible bidder, or, if the Owner elects, upon determination by the Owner and the Surety jointly of the lowest responsible bidder, arrange for a contract between such bidder and Owner, and make available as Work progresses (even though there should be a default or a succession of defaults under the contract or contracts of completion arranged under this paragraph) sufficient funds to pay the cost of completion less the balance of the contract price, but not exceeding, including other costs and damages for which the Surety may be liable hereunder, the amount set forth in the first paragraph hereof.
565 So.2d at 359 n. 1 (emphasis added).
The court in Arbor Club, following the California Court in Amerson v. Christman, 261 Cal. App.2d 811, 68 Cal. Rptr. 378 (1968), interpreted the language "including other costs and damages for which the surety may be liable hereunder" to include delay damages. 565 So.2d at 359. However, the court in Amerson had extended the obligations of the surety under the performance bond without specifying how such language extended the obligations of the surety. See Ken Sobel, Owner Delay Damages Chargeable to Performance Bond Surety, 21 Cal.W.L. Rev. 128, 137 (1984) ("[i]t is obvious that the provision was intended to limit the surety's liability, not expand it").
In Gulf Florida the First District, faced with the same language in another performance bond, concluded that the terms of the performance bond limited the liability of the surety to the costs of completion and the costs of curing defective work. 365 So.2d at 751. Contrary to the holding in Arbor Club and Woolley/Sweeney, the First District refused to extend liability to include delay damages. Id.
*198 The court in Arbor Club failed to construe the language in the performance bond in harmony with the subject matter of the bond and with the purpose of the bond. The purpose of a performance bond is to guarantee the completion of the contract upon default by the contractor. Florida Bd. of Regents v. Fidelity & Deposit Co., 416 So.2d 30 (Fla. 5th DCA 1982). Ordinarily a performance bond only ensures the completion of the contract. The surety agrees to complete the construction or to pay the obligee the reasonable costs of completion if the contractor defaults. Sobel, supra, at 137.
The liability of a surety is coextensive with that of the principal. Cone v. Benjamin, 150 Fla. 419, 8 So.2d 476 (1942); National Union Fire Ins. Co. v. Robuck, 203 So.2d 204 (Fla. 1st DCA 1967), cert. denied, 212 So.2d 869 (Fla. 1968). However, the surety's liability for damages is limited by the terms of the bond. Cone; Fidelity & Deposit Co. v. Sholtz, 123 Fla. 837, 168 So. 25 (1935). Florida courts have long recognized that the liability of a surety should not be extended by implication beyond the terms of the contract, i.e., the performance bond. State v. Wesley Constr. Co., 316 F. Supp. 490, 497 (S.D.Fla. 1970), affirmed, 453 F.2d 1366 (5th Cir.1972); Standard Accident Ins. Co. v. Bear, 134 Fla. 523, 184 So. 97 (1938); Gato v. Warrington, 37 Fla. 542, 19 So. 883 (1896). See also Crabtree, 438 So.2d at 105 ("[a] surety on a bond does not undertake to do more than that expressed in the bond, and has the right to stand upon the strict terms of the obligation as to his liability thereon").
We agree with the holding in Gulf Florida and with the court's interpretation of the performance bond language. Accordingly, we reject the holding and interpretation of the performance bond language in Arbor Club and Woolley/Sweeney. The terms of the performance bond control the liability of American. The language in the performance bond, construed together with the purpose of the bond, clearly explains that the performance bond merely guaranteed the completion of the construction contract and nothing more. Upon default, the terms of the performance bond required American to step in and either complete construction or pay Larkin the reasonable costs of completion. Because the terms of the performance bond control the liability of the surety, American's liability will not be extended beyond the terms of the performance bond. Therefore, American cannot be held liable for delay damages.
We quash and remand to the district court with instructions to vacate the trial court's judgment as it pertains to American Home Assurance Company and to direct the trial court to make a determination of damages consistent with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
[2] Our holding is limited to circumstances in which an owner sues a surety for delay damages due to a contractor's default. Whether an owner can recover consequential delay damages for a surety's failure to fulfill its obligations as set forth in a performance bond is not an issue before this Court.