995 So.2d 609 (2008)
FIRST SEALORD SURETY, INC., Appellant,
v.
SUFFOLK CONSTRUCTION CO., INC., Appellee.
Nos. 3D07-2603, 3D07-1902.
District Court of Appeal of Florida, Third District.
November 19, 2008.
Rehearing Denied December 19, 2008.
Adorno & Yoss, and John J. Shahady, and Thomas R. Shahady, Fort Lauderdale, for appellant.
Veniza, Lawrence & Piscitelli, and Joe Lawrence, and Steven K. Johnson, for appellee.
Before RAMIREZ, WELLS, and SALTER, JJ.
RAMIREZ, J.
First Sealord Surety, Inc., the defendant below, appeals the trial court's final judgment entered in favor of plaintiff, Suffolk Construction Co., Inc. We reverse.
Suffolk, a general contractor, entered into a contract with Coral Way Developers for the construction of Coral Seaview Condominium Project. Suffolk subcontracted with Morgado Plumbing Corporation for the plumbing work on the project. Pursuant to the terms of Morgado's subcontract with Suffolk, Morgado obtained a payment and performance bond from First Sealord.
A dispute arose regarding work on the project, resulting in Suffolk filing suit against Morgado for breach of its subcontract with Suffolk. First Sealord was also brought in under its performance bond. *610 Morgado filed a counterclaim against Suffolk for breach of contract.
At trial, the trial court reserved all motions for directed verdicts and post trial motions, including judgments notwithstanding the verdict, until the close of the entire case or after closing argument. The jury entered a verdict finding zero damages for Suffolk against Morgado and zero damages for Morgado against Suffolk. However, the jury awarded Suffolk $101,266.97 against First Sealord. First Sealord objected to the verdict as being inconsistent for two reasons: 1) the performance bond governing First Sealord's performance did not require any action on behalf of First Sealord if Suffolk was in breach of its obligations to Morgado; and 2) the liability of a surety must be coextensive with and not exceed the liability of the principal. Suffolk did not object to the jury verdict. The trial court did not rule on these issues, but reset the matter for two days and did not discharge the jury.
Before the next hearing, Suffolk served a memorandum in opposition to First Sealord's motions, specifically stating that it was aware of the inconsistencies in the verdict but did not object to the jury verdict because of Morgado's financial status. First Sealord tried to provide the court with curative instructions to correct the inconsistencies. The trial court agreed with Suffolk that there was no inconsistency in the verdict and discharged the jury.
First Sealord moved for a directed verdict, or in the alternative, a judgment notwithstanding the verdict, or in the alternative, a new trial. The trial court granted First Sealord's motion for judgment NOV, but denied its motion for new trial. That same day, a final judgment was entered in Morgado and First Sealord's favor.
Suffolk subsequently served a motion for new trial, reversing its prior position and alleging for the first time that the verdict was inconsistent. After hearing argument on Suffolk's motion for new trial, the trial court indicated that granting a judgment NOV was in error and stated that it was treating the motion for new trial as a motion for rehearing. It then entered Final Judgment in Suffolk's favor for $128,675.61.
"The liability of a surety is coextensive with that of the principal." Am. Home Assur. Co. v. Larkin Gen. Hosp., Ltd., 593 So.2d 195, 198 (Fla.1992), citing Cone v. Benjamin, 150 Fla. 419, 8 So.2d 476 (1942). See also OBS Co., v. Pace Const. Corp., 558 So.2d 404, 407 (Fla.1990) ("[A] surety's obligation under its bond agreement is commensurate with that of the general contractor under the subcontract."); Team Land Dev., Inc. v. Anzac Contractors, Inc., 811 So.2d 698, 700 (Fla. 3d DCA 2002); Crabtree v. Aetna Cas. & Sur. Co., 438 So.2d 102, 105 (Fla. 1st DCA 1983) ("[A] surety on a bond does not undertake to do more than that expressed in the bond, and has the right to stand upon the strict terms of the obligation as to his liability thereon"); Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Robuck, 203 So.2d 204 (Fla. 1st DCA 1967). It is conceivable that the performance bond could have provided otherwise. As the surety's liability for damages is limited by the terms of the bond, Cone, 8 So.2d at 480; Fidelity & Deposit Co. of Md. v. Sholtz, 123 Fla. 837, 168 So. 25 (1935), Suffolk could have argued that the bond expanded the surety's liability beyond the principal's. However, neither Suffolk nor our independent review of the bond has uncovered such language. Having found that Morgado was not liable to Suffolk, it is legally inconsistent to find First Sealord liable.
Furthermore, Suffolk cannot complain now about the jury verdict's inconsistency. "To preserve the issue of an inconsistent *611 verdict for review on appeal, the party claiming inconsistency must raise the issue before the jury is discharged." Alvarez v. Rendon, 953 So.2d 702, 710 (Fla. 5th DCA 2007), (quoting Deklyen v. Truckers World, Inc., 867 So.2d 1264, 1266 (Fla. 5th DCA 2004)). Here, Suffolk not only did not raise the issue but in fact argued to the contrary  that there was no inconsistency. The issue has been waived.
Reversed and remanded with instructions to enter a judgment in favor of First Sealord.