TORPY, J.
The central issue in this construction contract dispute is whether the lower court erred in its interpretation of the jury verdict by entering judgment in favor of Ap-pellee, the contractor, even though the jury awarded no damages. We reverse.
Appellants contracted with Appellee to perform repairs to their house after it sustained hurricane damage. During the performance of the work, a dispute arose and Appellants terminated the contract before it was completed. Appellee recorded a construction lien and sued to foreclose it in a two-count complaint alleging breach of contract and lien foreclosure. Appellants counterclaimed seeking damages for a fraudulent lien and breach of contract. The case proceeded to jury trial culminating in a special interrogatory verdict, the form of which was presented to the jury without objection. During deliberations, the jury asked, “If we were to award for damages under breach of contract, paragraph two, and we award the lien, does that double the amount to [Appellee]?” After discussion with counsel, the judge decided to respond by writing, “No.”[1]
Although the jury concluded that Appellants had breached the contract, it awarded zero damages. The jury also concluded that the lien was not fraudulent, but made no award on the lien foreclosure count because the verdict form was devoid of any questions on that claim. The signed verdict stated:
1. Who do you find, by the greater weight of the evidence, breached the contract? (check one)
/ (a) DEFENDANTS/COUNTERCLAIMANTS LATNERS
_(b) PLAINTIFF/COUNTERDEFENDANT RESTORATION
If you checked (a) DEFENDANTS/LATNERS, then you should complete number 2 below. If you checked (b) PLAINTIFF RESTORATION, you should skip Number 2 and go to Number 3 below.
2. What is the amount of money damages which RESTORATION sustained as a result of the breach of contract by LATNERS?
$ o
3. We find that Plaintiff/Counterdefen-dant RESTORATION breached the contract but is entitled to a set-off in the amount of:
$_
4. Do you find, by the greater weight of the evidence, RESTORATION’S Claim of Lien included claims of labor or services not performed or materials not furnished?
Yes_ No J_
*390 If you answered “No”, your verdict is for RESTORATION on this issue. If your answer is “Yes”, proceed to question Number 5.
5. Did RESTORATION (a) exaggerate the amount of its claim of lien, or (b) include non-lienable items, or (c) untimely file its claim of lien?
Yes No
If you answered “No”, your verdict on this issue is for RESTORATION. Please skip the next question and to [sic] the bottom of the Verdict Form and date and sign the form. If your answer is ‘Tes”, your verdict on this issue is for LATNERS and you should proceed to question 6.
6. If there was no good faith dispute, should LATNERS be awarded punitive damages against RESTORATION because of either (or all) of the following:
(a) The lien amount was compiled with such willful and gross negligence as to amount to a willful exaggeration as to the Lien
(b) included non-lienable items; or
(c) untimely filed
Yes No
If you [sic] answer is “NO”, your verdict on this issue is for RESTORATION. If your answer is “Yes”, go to the next question Number 7.
7. How much should LATNERS receive in punitive damages from RESTORATION?
Amount of Claim of Lien Filed: $55,163.82 Amount of Lien that should have been filed • -_
Difference: $
Please sign and date the verdict form and return it to the courtroom.
When the jury returned the verdict, neither party objected or sought clarification. Subsequently, Appellants filed motions seeking entry of judgment or, alternatively, a new trial. Appellee filed no challenge to the verdict but sought judgment based on the verdict. The trial court concluded that the jury’s verdict was for Appellee on its lien foreclosure count and entered judgment for the full amount of the lien. It reasoned, “[T]he only figure in this verdict form, which both of you agreed to, which sets forth the claim of lien was 55, and the jury did not see fit to reduce that, so in my opinion that becomes the finding that the claim of lien is in that amount.”[2] Accordingly, it denied Appellants’ post-trial motions and this appeal ensued.
We conclude that, based on the verdict and the lack of objection at the time the verdict was returned, the trial court had no alternative but to enter judgment for Appellants. As for the breach of contract claim, the verdict was inconsistent because it resolved the liability issue in favor of Appellee but awarded no damages. See MSM Golf, L.L.C. v. Newgent, 853 So.2d 1086, 1087 (Fla. 5th DCA 2003) (noting inconsistency in award of zero damages after finding breach of contract).[3] The problem here is that Appellee failed to raise that issue at the time the verdict was returned, which constitutes a waiver of any right to have the verdict corrected on that basis. Cocca v. Smith, 821 So.2d 328, 330 (Fla. 2d DCA 2002) (“To preserve the issue of an inconsistent verdict, the party *391 claiming inconsistency must raise the issue before the jury is discharged and ask the trial court to reinstruct the jury and send it back for further deliberations.”); Moorman v. Am. Safety Equip., 594 So.2d 795, 799 (Fla. 4th DCA 1992) (“It is quite basic that objections as to the form of the verdict or to inconsistent verdicts must be made while the jury is still available to correct them.”); Keller Indus., Inc. v. Morgart, 412 So.2d 950 (Fla. 5th DCA 1982) (holding that error regarding inconsistent interrogatory verdicts could not be corrected because counsel failed to bring inconsistency to court’s attention before jury discharged). Absent a proper challenge to the inconsistent verdict, the trial court was powerless to enter judgment for damages when none had been awarded by the jury and the amount of damages was disputed. See First Sealord Sur., Inc. v. Suffolk Const. Co., Inc., 995 So.2d 609, 610-11 (Fla. 3d DCA 2008) (applying rule in context of appellee who received judgment without challenge to verdict but who later sought new trial based on inconsistency).
As for Appellee’s lien foreclosure claim, the jury failed to deliver a verdict on that count. The jury found that the claim of lien did not include charges for labor or materials not furnished to the property (the issue on the counterclaim). That finding, however, does not equate to a finding in favor of Appellee on that claim because, at a minimum, the jury did not set a value on the labor or materials incorporated into the improvement, which was a disputed issue at trial. Although Appellee had the right to submit this issue for determination by the jury, by approving the form of the verdict and failing to bring the issue to the attention of the trial court before the jury was discharged, Appellee waived any objections to the verdict form and completeness of the verdict.
Cory v. Greyhound, Lines, Inc., 257 So.2d 36 (Fla.1971), cited by Appellee, is distinguishable. In that case, proper objections were levied before the jury was discharged. But even in that circumstance, our high court only authorized the amendment of a verdict when the verdict is “manifestly irregular” and the true intent of the jury can be “ascertained with certainty.” Id. at 40 (citing Southern Pac. R. Co. v. Mitchell, 80 Ariz. 50, 292 P.2d 827 (1956)).
Here, what the trial court was left with was a verdict awarding no damages to Appellee on any theory. In the absence of a proper and timely challenge to the inconsistency or sufficiency of the verdict, the court had no choice but to enter judgment according to the verdict in favor of Appellant. See Marianna Mfg. Co. v. Boone, 55 Fla. 289, 45 So. 754 (1908) (stating return of no verdict on count is verdict in favor of defendant on that count).
REVERSED AND REMANDED.
EVANDER, J., concurs.
MONACO, J., concurs and concurs specially with opinion.

. We are unable to attribute any significance to this question. The question could have come from one juror and gives no insight into the deliberative process. Even if the question was from the entire jury, the judge answered the question correctly — that the jury could award damages under both theories. Notwithstanding the judge’s answer, the jury awarded no damages. We are unable to infer from this that the jury intended to award damages to Appellee.

. Question 7, which the jury failed to answer, clearly pertained to the counterclaim.

. Appellants argue that the verdict is not inconsistent because the jury could have determined that they breached the contract by terminating it prematurely but that the work was defective and had no value. We assume for argument's sake that tire verdict was inconsistent. We noted in MSM that the issue of preservation of the inconsistent verdict before discharge of the jury had not been raised in that appeal. Id. at 1087 n. 1.