IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

COMPANION PROPERTY &
CASUALTY INSURANCE CO.,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Appellant/Cross-Appellee,

CASE NO. 1D14-5863

v.

CATEGORY 5 MANAGEMENT
GROUP, LLC,

    Appellee/Cross-Appellant.

_____/

Opinion filed March 17, 2016.

An appeal from the Circuit Court for Escambia County.
J. Scott Duncan, Judge.

Peter D. Webster and Christine Davis Graves of Carlton Fields Jorden Burt, P.A., Tallahassee, for Appellant/Cross-Appellee.

Mark A. Newell, Mobile, Alabama and Kevin F. Masterson, Daphne, Alabama, for Appellee/Cross-Appellant.

SWANSON, J.

    This is an appeal and cross-appeal from a final judgment awarding attorney's fees to Category 5 Management Group, LLC ("Category 5") in an insurance coverage action. We affirm without discussion the trial court's decision

to apply a contingency fee multiplier to enhance the attorney's fee award. However, for the reasons that follow, we reverse the trial court's determination that the contingency fee agreement did not contemplate payment of attorney's fees for the defense of Category 5 in the underlying Alabama personal injury lawsuit, which was the subject of this insurance coverage action.

Category 5, a company located in Pensacola, purchased a commercial general liability policy from Companion Property & Casualty Insurance Company ("Companion") for a one-year period commencing June 1, 2007, and ending June 1, 2008. In the summer of 2007, Companion was hired to supervise subcontractors and their crews performing cleanup operations in New Orleans following Hurricane Katrina. One of these subcontractors was Colonel McCrary Trucking, which performed certain transportation-related services at the project site. Joe Johnson, an employee of Colonel McCrary Trucking, worked at the site. On July 11, 2007, while driving a pickup truck owned by R.D. Construction (a subcontractor of Colonel McCrary Trucking), Johnson ran a stop light in Alabama and struck a car occupied by the Stewart family, severely injuring three family members.

On December 31, 2007, the Stewart family filed a five-count personal injury lawsuit in Alabama state court against several defendants, including Category 5. Companion denied Category 5's request for defense and indemnity, citing the

2

"auto exclusion" of the policy as the sole basis for denial. Category 5 subsequently retained Masterson & Newell, LLC, to defend Category 5 against the allegations of the Alabama lawsuit and to seek insurance coverage from Companion. The contingency fee agreement between Category 5 and its counsel provided in pertinent part:

> Attorney Fees. This representation is made upon a contingency-fee basis. Therefore, if no recovery is made, Client will not be indebted to Attorneys for any sum whatsoever as Attorney's Fees. If a recovery is made, the compensation to be paid to said Attorneys by Client shall be a reasonable attorney's fee as determined by the Court or any appointed Master pursuant to Fla. Stat. Sec. 627.428, as supplemented by any multiplier which may be awarded thereon pursuant to Florida law, and all accrued interest thereon. Attorneys may associate with other attorneys to assist with these matters. However, under no circumstances will Client be responsible for attorney's fees in excess of the fees specified above.

Eventually, a consent judgment was entered against Category 5 and in favor of the Stewart family for $6,000,000.00 in the Alabama lawsuit. The Stewart family agreed not to record or execute the judgment against Category 5 in exchange for Category 5's promise to continue to prosecute its coverage action against Companion and to pay the Stewarts any insurance proceeds collected from Companion.

On July 15, 2008, Category 5 filed a complaint seeking a declaratory judgment that the insurance policy issued by Companion provided coverage to

3

Category 5 for the personal injury action brought by the Stewart family in Alabama. Companion filed a motion for summary judgment on the ground that Category 5 was not entitled to a defense or indemnity due to the "automobile exclusion" contained in the policy. The trial court granted Companion's motion for summary judgment and dismissed Category 5's complaint with prejudice. On appeal, this court reversed and remanded for further proceedings after concluding that Companion breached its duty to defend. Category 5 Mgmt. Group, LLC v. Companion Prop. & Cas. Ins. Co., 76 So. 3d 20 (Fla. 1st DCA 2011).

On remand, the trial court granted Category 5's motion for summary judgment on the issue of coverage. However, the trial court granted Companion's motion for partial summary judgment, finding in pertinent part:

> 4. The Court concludes the contingency fee agreement is plain and unambiguous in all respects. Category 5 hired Masterson and Newell to represent it in all litigation that related to the Alabama case and in any claims involving liability insurance coverage. However, the attorney fee section of the agreement plainly states that "If a recovery is made, the compensation to be paid to said Attorneys by Client shall be a reasonable attorney's fee as determined by the Court or any appointed Master pursuant to Fla. Stat. Section 627.428, as supplemented by any multiplier which may be awarded thereon pursuant to Florida law, and all accrued interest thereon." The Court finds that the phrase "as determined by the Court" is modified by the phrase "pursuant to Fla. Stat. Section 627.428." Thus, the plain meaning of the contingency fee agreement is that the attorney's compensation is to be determined by the Court pursuant to Section 627.428. Further, there is nothing in

4

the contingency fee agreement that addresses the compensation that may be owed to Category 5's attorneys for defending the company in the Alabama litigation. In fact, the agreement clearly states that "under no circumstances will Client be responsible for attorney's fees in excess of the fees specified above."

5. The Court further finds that Section 627.428 is not a basis to award those attorney fees which would be classified as the damages suffered by an insured when its insurance company breaches its duty to defend. While the statute clearly permits Category 5 to recover the attorney fees incurred in prosecuting its Florida suit against Companion for coverage and duty to defend issues, it does not provide for a recovery of the fees incurred in defending the Alabama lawsuit (the underlying litigation). When Category 5 signed the fee agreement it only obligated itself to pay its attorneys those fees that were awarded by a court pursuant to Section 627.428. Because the fees incurred for the Alabama litigation could not be awarded based upon Section 627.428, Category 5 would not be obligated to pay such fees to its attorneys.

After holding hearings on the award of attorney's fees pursuant to section 627.428, the trial court entered a final judgment awarding attorney's fees to Category 5. This appeal followed.

The intent of the parties to a contract should govern the construction of the contract. Am. Home Assurance Co. v. Larkin Gen. Hosp., Ltd., 593 So. 2d 195, 197 (Fla. 1992). To determine the intent of the parties, a court should consider the language in the contract, the subject matter of the contract, and the object and purpose of the contract. Id. A court must construe a contract in a manner that accords with reason and probability and avoids an absurd construction. Kipp v.

5

Kipp, 844 So. 2d 691, 693 (Fla. 4th DCA 2003). The interpretation of a contract is a question of law subject to de novo review. City of Tampa v. Ezell, 902 So. 2d 912, 914 (Fla. 2d DCA 1995).

In this case, Category 5 claims the trial court erred in construing the contingency fee agreement as not contemplating payment of attorney's fees for defense of the Alabama tort litigation. Below, Companion argued the language of the contingency fee agreement limited the recovery of attorney's fees to those incurred in litigating the Florida coverage action thereby allowing no recovery for attorney's fees incurred in defending Category 5 in the Alabama tort action. Even though Category 5 and its counsel disputed that this was their intent when they entered the contingency fee agreement, the trial court agreed with Companion and granted partial summary judgment in Companion's favor on this issue.

This ruling was in error because Companion had no standing to advance a construction of the contingency fee agreement to which it was neither a party nor a third-party beneficiary. See Gallagher v. Dupont, 918 So. 2d 342, 347 (Fla. 5th DCA 2005) ("When a contract is designed solely for the benefit of the contracting parties, a third party cannot enforce its provisions even though the third party may derive some incidental or consequential benefit from the enforcement."). Because there is nothing in the contingency fee agreement demonstrating any intent to benefit Companion, it cannot impose an interpretation of the agreement that runs

6

counter to the intent of the parties to the contract, who agree that they contemplated recovery of attorney's fees incurred in defending the Alabama tort action.

The inclusion of such fees is consistent with the subject matter and the object and purpose of the contract, which contemplated bringing a lawsuit in Florida against Companion for a breach of its duty to defend Category 5 in the Alabama tort action. "The law is well established that when an insurer unjustifiably refuses to defend its insured, the insurer is liable to the insured for the reasonable attorney's fees and other expenses incurred in defending the action brought by the third party as damages for the breach of contract." Fla. Ins. Guar. Ass'n v. All the Way with Bill Vernay, Inc., 864 So. 2d 1126, 1129 (Fla. 2d DCA 2003). Thus, by bringing suit against Companion for breach of its duty to defend Category 5 in the Alabama tort action, Category 5 and its counsel were seeking damages from Companion in the form of attorney's fees incurred in the Alabama tort action. However, under Companion's interpretation of the contingency fee agreement, Category 5 and its counsel waived the legal right to recover these damages, depriving counsel of substantial attorney's fees and gifting Companion with an unwarranted windfall by excusing it from the legal consequences of its failure to defend Category 5. Such an interpretation is not compelled by the language of the contingency fee agreement, is contrary to the intent of the parties

7

to the contract, is not consistent with the subject matter or object and purpose of the contract, and borders on the absurd insofar as it would compel counsel to represent Category 5 pro bono in the Alabama tort action.

Concluding the trial court erred in construing the contingency fee agreement, we reverse and remand for an award of reasonable attorney's fees incurred by Category 5 in defending the Alabama tort action. At this point, we decline to address (1) whether Companion waived its right to a jury trial on the issue of the reasonable amount of attorney's fees incurred by Category 5 in the Alabama tort action or (2) whether fees expended in pursuit of a defense and indemnity from Colonel McCrary Trucking were a reasonable and necessary part of Category 5's defense in Alabama. Because they involve factual issues, these matters should be resolved by the trial court on remand.

AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.

LEWIS and WINOKUR, JJ., CONCUR.