351 So.2d 364 (1977)
Giesela FRANK, Appellant,
v.
CAMPBELL PROPERTY MANAGEMENT, INC., and Medical Arts Gardens, Inc., Appellees.
No. 76-2117.
District Court of Appeal of Florida, Fourth District.
October 25, 1977.
Paul H. Bass of Krongold & Bass, Miami, for appellant.
Pomeroy, Betts & Wiederhold, Fort Lauderdale, and Joe N. Unger, Miami, for appellee-Campbell Property Management, Inc.
Peter A. Miller of Preddy, Haddad, Kutner, Hardy & Josephs, Miami, for appellee-Medical Arts Gardens, Inc.
DOWNEY, Judge.
The sole question presented on this appeal is whether the defense of res judicata which does not appear on the face of the complaint can be raised by motion to dismiss. The answer is unequivocally that it cannot.
Appellant sued appellee corporations for malicious prosecution, basing the suit on the allegedly improper acts of William B. Campbell, agent of the appellee corporations. Appellees moved to dismiss the complaint on several grounds, one of which was that the plaintiff's claim was res judicata because the plaintiff had previously suffered an adverse judgment in a suit against William B. Campbell. Attached to the motion was the order of the Circuit Court dismissing with prejudice the action against William B. Campbell. The complaint is devoid of any reference to the prior litigation. Nevertheless, the trial court dismissed this action on the grounds of res judicata.
On a motion to dismiss a complaint the court must look solely to the allegations of the complaint. Ecological Science Corp. v. Boca Ciega Sanitary Dist., 317 So.2d 857 (Fla.2d DCA 1975); Trawick's Florida Practice and Procedure, § 10.4 (1975). If the face of the complaint contains *365 allegations which demonstrate the existence of an affirmative defense then such defense can be considered on motion to dismiss. Fla.R.Civ.P. 1.110(d). Otherwise an affirmative defense may not be considered on motion to dismiss a complaint. Temples v. Florida Industrial Construction Co., Inc., 310 So.2d 326 (Fla.2d DCA 1975).
Two cases have been called to our attention which upheld the granting of a motion to dismiss a complaint on the grounds of res judicata. Hinchee v. Fisher, 93 So.2d 351 (Fla. 1957), and Warriner v. American Nat. Bank & T. Co. of Chicago, 313 So.2d 81 (Fla.3d DCA 1975). However, it is impossible to tell whether the complaints in those cases contained allegations which justified consideration of the affirmative defense of res judicata on motion to dismiss. In any event, the question of the propriety of raising that defense was never alluded to. We feel confident that if the defense did not appear on the face of the complaints in those cases those courts would have followed the long standing rule precluding consideration of such defense on a motion to dismiss.
In the instant case appellees contend that even if technically the defense of res judicata was not ripe for decision on the motion to dismiss, the parties argued the prior litigation and the trial judge was fully aware of it. Appellees argue there is no question here that based upon all the cited authority this case is in law and fact res judicata. So let us be done with this case! The argument is inviting, but expedition at the expense of the rules is insidious. The next expediter along would use this case as precedential authority for the same short cut. In addition, appellant did not consent to the disposition of the motion on the basis of the validity of the affirmative defense. Appellant twice urged the trial court that the appellees' argument was premature and improper. Finally, we do not know what the trial court may find when the entire record of the prior litigation is presented to him in support of the affirmative defense.
Accordingly, we choose to stand by Rule 1.110(d) and require the presentation of affirmative defenses as provided therein.
REVERSED and REMANDED for further proceedings.
DAUKSCH and MOORE, JJ., concur.