402 So.2d 1350 (1981)
Robin L. VASWANI, Appellant,
v.
Richard J. GANOBSEK, Appellee.
No. 79-2224.
District Court of Appeal of Florida, Fourth District.
September 2, 1981.
Joseph Rosenkrantz, Miami Beach, for appellant.
Marc Postelnek, Miami Beach, for appellee.
HURLEY, Judge.
At issue is the propriety of an order dismissing appellant/plaintiff's complaint for partition after appellee/defendant filed a motion to dismiss which asserted an affirmative defense of res judicata. We reverse.
Appellant, Robin Vaswani, is the former-wife of appellee, Richard Ganobsek. They were divorced in 1978 in a final judgment of dissolution entered by the Circuit Court for the Sixth Judicial Circuit (Pinellas County). Thereafter, in 1979, appellant filed, in the Circuit Court for the Seventeenth Judicial Circuit (Broward County), the present suit for partition of the former marital home. Appellee filed a motion to dismiss and cited various provisions of the final judgment of dissolution which, he claimed, divested the former-wife of any possessory right to the property. The court denied the motion, but gave the former-husband a specified period of time within which to comply with certain requirements contained in the final judgment of dissolution. After apparently fulfilling these requirements, the former-husband again moved to dismiss the partition action. The trial court found that appellee had complied with its earlier order and, therefore, granted the motion to dismiss with prejudice and, further, ordered appellant to quitclaim the property to appellee. This appeal ensued.
In an effort to expeditiously resolve problems resulting from the final judgment of dissolution, the trial court apparently treated appellant's complaint for partition as a motion to enforce the final judgment of dissolution or as a motion for post-judgment relief. The desire to expeditiously resolve the litigants' problems is certainly praiseworthy. But even such a commendable motive cannot justify the court's actions when they result in the deprivation of basic rights.
Viewing the case as it is framed by the pleadings, the relevant question is whether the court in ruling on a motion to dismiss the complaint could properly consider the affirmative defense of res judicata *1351 when the defense did not appear on the face of the complaint. We answered this question in the negative in Frank v. Campbell Property Management, Inc., 351 So.2d 364 (Fla. 4th DCA 1977). The law is well-settled that on a motion to dismiss a trial court must look solely to the allegations of the complaint. Id. If the face of the complaint contains allegations which demonstrate the existence of an affirmative defense, then such defense can be considered on a motion to dismiss. Fla.R.Civ.P. 1.110(d). Otherwise an affirmative defense may not be considered on a motion to dismiss a complaint. Temples v. Florida Industrial Construction Co., Inc., 310 So.2d 326 (Fla.2d DCA 1975).
In the present case, appellant's complaint does not reveal the existence of the prior adjudication of the parties' rights in the property. Thus, although appellant's action for partition may ultimately fail, the trial court acted improperly when it considered matters outside the complaint and granted appellee's motion to dismiss. There is a necessary distinction between motions to dismiss and motions for summary judgment which must be followed to assure fairness in the disposition of the cause. Accordingly, the order of dismissal is REVERSED and the cause is REMANDED for further proceedings.
DOWNEY, J., and SHARP, G. KENDALL, Associate Judge, concur.