975 So.2d 503 (2007)
Billy R. KIDWELL, Appellant,
v.
GENERAL MOTORS CORP. and Stephen Nichols, Appellees.
No. 2D05-5935.
District Court of Appeal of Florida, Second District.
August 3, 2007.
Rehearing Denied October 31, 2007.
*504 Billy R. Kidwell, pro se.
David B. Shelton, Charles P. Mitchell, and Steven I. Klein of Rumberger, Kirk & Caldwell, P.A., Orlando, for Appellees.
KELLY, Judge.
Billy R. Kidwell appeals from an order dismissing with prejudice counts three through five of his complaint against General Motors Corporation (GM) and its employee, Stephen Nichols. With respect to Kidwell's claims against GM, the order is a nonfinal, nonappealable order because the dismissed claims are interrelated with additional claims that remain pending against GM. See Mendez v. W. Flagler Family Ass'n, 303 So.2d 1 (Fla.1974). Accordingly, we dismiss the appeal as to GM for lack of jurisdiction. We do, however, have jurisdiction to review the dismissal of Kidwell's claims against Nichols because the order completely disposed of Kidwell's case against Nichols. See Fla. R.App. P. 9.110(k); Szewczyk v. Bayshore Props., 456 So.2d 1294 (Fla. 2d DCA 1984) (stating that a partial final judgment is appealable if it totally disposes of a case against a party). As to those claims, we agree with the trial court that Nichols had immunity for his alleged wrongful actions because they occurred during an arbitration proceeding.
Kidwell filed a multicount complaint seeking to recover damages arising from his purchase of a Chevrolet S-10 pickup truck he alleged was defective. In count four of his complaint, Kidwell alleged that during a Better Business Bureau (BBB) Auto Line Arbitration hearing,[1] Nichols "engaged in intentional misconduct," lied under oath, and schemed to deny him "meaningful access to Chapter 681." In count five, Kidwell alleged that Nichols and GM conspired to violate Chapter 681, to misrepresent the facts, and to deceive the BBB hearing officer. Nichols moved to dismiss, contending that he was entitled to absolute immunity for acts occurring during the BBB arbitration. In response, Kidwell argued that litigation immunity did not apply to the BBB arbitration because it *505 was not a judicial proceeding or a quasi-judicial hearing. The trial court rejected Kidwell's argument and dismissed his claims against Nichols.[2]
An arbitration hearing, although informal, is a judicial or quasi-judicial proceeding. Cassara v. Wofford, 55 So.2d 102, 106 (Fla.1951); Tassinari v. Loyer, 189 So.2d 651, 653 (Fla. 2d DCA 1966). Absolute immunity is afforded to any act occurring during the course of a judicial or quasi-judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior, so long as the act has some relation to the proceeding. Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So.2d 606 (Fla.1994); Gandy v. Trans World Computer Tech. Group, 787 So.2d 116 (Fla. 2d DCA 2001). Kidwell argues that the BBB arbitration hearing is not a judicial or quasi-judicial proceeding because it lacks due process, is not impartial, and is operated, and paid for, by a private corporation. We disagree.
Kidwell was afforded the same due process and procedural safeguards in the BBB arbitration hearing as are litigants in traditional litigation or other arbitration proceedings.[3] In addition to the opportunity to testify, present evidence, and cross-examine witnesses, if Kidwell was dissatisfied with the decision of the BBB arbitrator he could have sought review by applying to the Florida New Motor Vehicle Arbitration Board, which he failed to do. See § 681.109(2), Fla. Stat. (2005). Furthermore, Kidwell's contention that the BBB arbitration process lacks impartiality because it is owned and operated by GM is without merit. It is not the manufacturer that operates the BBB Auto Line Arbitration program, but the Council of Better Business Bureaus, Inc.,[4] and the procedure is certified and audited annually by the Division of Consumer Services of the Department of Agriculture and Consumer Services. See § 681.108(1), (4), (5), Fla. Stat. (2005).
Accordingly, we conclude that the BBB arbitration hearing is quasi-judicial, and therefore Nichols had absolute immunity for the acts alleged in counts four and five of Kidwell's complaint.
Affirmed in part; dismissed in part.
DAVIS and CANADY, JJ., Concur.
NOTES
[1] In order to pursue a claim under Florida's Lemon Law, Kidwell was required to submit to arbitration under GM's established informal dispute settlement procedure with Auto Line, a program operated by the Better Business Bureau. See § 681.109(1), Fla. Stat. (2005).
[2] Although immunity is an affirmative defense, it can be considered on a motion to dismiss if the complaint demonstrates the existence of the defense. Vaswani v. Ganobsek, 402 So.2d 1350, 1351 (Fla. 4th DCA 1981).
[3] See Council of Better Business Bureau, BBB Auto Line Arbitration Rules, http://www.dr. bbb. org/autoline/ alprocess.asp.
[4] See id.