ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
 

 ALTENBERND, Judge.
 

 Workmen’s Auto Insurance Company appeals an order granting summary judgment in favor of Wayne and Shari Franz on a claim for declaratory relief that is included as a count in a lawsuit seeking uninsured motorist benefits. Although we understand why parties may wish for this court to review such determinations prior to the conclusion of the lawsuit, we conclude, at least in this case, that we have no jurisdiction to review the order that Workmen’s Auto Insurance seeks to review. Accordingly, we grant the appellees’ motion to dismiss this appeal as an appeal from a nonfinal, nonappealable order.
 

 Our record is very limited. Mr. and Mrs. Franz filed a complaint against Workmen’s Auto Insurance alleging that Mr. Franz had been in an automobile accident involving an uninsured automobile on July 30, 2005. At the time, Mr. Franz was driving a car that was insured by Workmen’s Auto Insurance. Although the insurance policy is not in our record, it apparently insured more than one automobile but did not provide stacked uninsured motorist coverage. In count I, Mr. and Mrs. Franz seek a determination that they were entitled to stacked coverage because Workmen’s Auto Insurance had not properly provided a statutory renewal notice to them that explained their options in regard to the selection of this coverage.
 
 See
 
 § 627.727(1), Fla. Stat. (2005). In count II, Mr. Franz seeks a determination of his entitlement to benefits under the policy,
 
 [1]
 
 
 *640
 
 and in count III, Mrs. Franz seeks consortium damages. In counts IV and V, the Franzes attempt to make claims for statutory and common law bfid faith.
 

 The trial court has entered an order that resolves only count I, determining that the Franzes are entitled to stacked coverage. At this stage in these proceedings, our record does not reflect the amount of coverage that Workmen’s Auto Insurance agrees its policy provides or the amount that would be available under the trial court’s ruling. We have no basis to know whether the Franzes’ claims will ever exceed the amount of coverage that Workmen’s Auto Insurance agrees that it provides. Thus, it is possible that this issue will be moot at the end of the case. If not, it is an issue that can be appealed to this court at the end of the case.
 

 Florida Rule of Appellate Procedure 9.110(m) allows for certain appeals from judgments that determine the existence of insurance coverage “in cases in which a claim has been made against an insured and coverage thereof is disputed by the insurer.” This language addresses coverage issues in so-called “third party” claims where the coverage dispute involves liability coverage; it has no application to coverage disputes for “first party” claims for PIP, medical benefits, or uninsured motorist benefits.
 
 See USAA Cas. Ins. Co. v. Jones,
 
 946 So.2d 1127, 1128 (Fla. 1st DCA 2006).
 

 The fact that the order sought to be appealed does not fit within the category described in rule 9.110(m) does not mean that it cannot be appealed under another rule. We have reviewed rule 9.130 and conclude that the order does not fall within any of the categories of nonfinal orders that are appealable under that rule.
 

 We have also considered whether the order might be, or could be transformed into, a partial final judgment that would be appealable under rule 9.110(k). This is a closer question. If the action for declaratory relief had been filed separate from the claim on the insurance contract, or if the claim for uninsured motorist benefits was subject to arbitration under the terms of the contract, then the order determining that this coverage must be stacked would be a final judgment resolving all disputes between the parties in the trial court and it would be appealable as a final judgment. We can only explain that the procedural posture of this case is different. So long as the determination of the right to receive uninsured motorist benefits under this insurance policy and the amount receivable from Workmen’s Auto Insurance for this claim is pending in the trial court, we conclude that these issues are sufficiently interrelated so that this order cannot be reviewed as a partial final judgment.
 
 See S.L.T. Warehouse Co. v. Webb,
 
 304 So.2d 97, 99 (Fla.1974);
 
 Pauls v. Blank,
 
 13 So.3d 182, 183 (Fla. 1st DCA 2009);
 
 Kidwell v. Gen. Motors Corp.,
 
 975 So.2d 503, 504 (Fla. 2d DCA 2007).
 

 Finally, we have considered whether this matter could be reviewed by common law certiorari or other extraordinary petition and conclude that it cannot. Accordingly, we dismiss this appeal without prejudice to further appellate proceedings upon the entry of a final judgment by the trial court.
 

 Dismissed.
 

 WALLACE and CRENSHAW, JJ., Concur.
 

 [1]
 

 . In this count, the complaint seems to intermingle a claim for benefits under the contract with a more generic claim of breach of contract. It does, however, clearly raise is
 
 *640
 
 sues requiring a resolution of the issue of the uninsured driver's negligence and Mr. Franz's entitlement to compensation for the injuries allegedly caused by the negligence of the uninsured driver.