ROTHENBERG, J.
The issue in this appeal is whether the litigation privilege applies to a cause of action for abuse of process based on actions taken by Holland & Knight, Alex Gonzalez, and Brett Barfield (collectively, “Holland & Knight”) during their post-judgment efforts to collect on a judgment entered in federal court in their clients’ favor. Because the litigation privilege serves as an absolute bar to LatAm Investments, LLC’s (“LatAm”) abuse of process action, we affirm the trial court’s order dismissing LatAm’s complaint.
FACTUAL BACKGROUND
Holland & Knight filed a lawsuit in federal court on behalf of its clients, Golden Dawn Corporation and Markwood Investments, Ltd., against Fabrizio Neves and Acosta Realty Holdings, LLC., based on *242 diversity jurisdiction. After several years of litigation, the trial court entered a partial final judgment in favor of Holland & Knight’s clients. When Holland & Knight attempted to execute on the judgment, Neves filed for bankruptcy and revealed that he was not a permanent resident alien, thus defeating the federal district court’s diversity jurisdiction.
Upon the federal district court’s dismissal of the case for lack of subject matter jurisdiction, Neves, through LatAm, filed the instant action against Holland & Knight alleging that its post-judgment actions — issuing subpoenas and writs of garnishment — in the federal proceedings constituted an abuse of process. Holland & Knight filed a motion to dismiss, which the trial court granted with prejudice after finding that Holland & Knight’s conduct was protected by the litigation privilege. This appeal followed.
THE LITIGATION PRIVILEGE
LatAm contends that: (1) the litigation privilege does not apply to an action for abuse of process; (2) the application of the litigation privilege for a cause of action for abuse of process would abolish abuse of process as a cause of action; and (3) the litigation privilege cannot protect actions taken during a judicial proceeding where the trial court lacked subject matter jurisdiction over the proceedings. We disagree.
(1) Does the litigation privilege applg to an action for abuse of process?
The Florida Supreme Court in Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Insurance Co., 639 So.2d 606, 608 (Fla.1994), and in Echevarria, McCalla, Raymer, Barret & Frappier v. Cole, 950 So.2d 380, 380-81 (Fla.2007), has unequivocally held that it does. In Levin, the Florida Supreme Court held that “absolute immunity must be afforded to any act occurring during the course of a judicial proceeding ... so long as the act has some relation to the proceeding.” Levin, 639 So.2d at 608. In Echevarria, the Court reiterated its broad application of the privilege, and specifically held that the litigation privilege “applies in all causes of action, statutory as well as common law.” Echevarria, 950 So.2d at 380-81.
The Florida Supreme Court in Levin and again in Echevarria articulated the rationale for adopting the litigation privilege and the reason for applying it to all actions taken during and related to judicial proceedings. The Court explained: “Just as participants in litigation must be free to engage in unhindered communication, so too must those participants be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct.” Echevarria, 950 So.2d at 384 (quoting Levin, 639 So.2d at 608). “It is the perceived necessity for candid and unrestrained communications in those proceedings, free of the threat of legal actions predicated upon those communications, that is the heart of the rule. The nature of the underlying dispute simply does not matter.” Echevarria, 950 So.2d at 384.
Because it is undisputed that the acts complained of here occurred during and were related to the judicial proceedings, we agree with the trial court that the litigation privilege applies to LatAm’s cause of action against Holland & Knight for abuse of process. See also Am. Nat’l Title & Escrow of Fla. v. Guarantee Title & Trust Co., 748 So.2d 1054, 1055 (Fla. 4th DCA 2000) (affirming the trial court’s order granting summary judgment in favor of the law firm in an action for abuse of *243 process on the basis of absolute immunity and on the authority of Levin).

(2)Does the application of the litigation privilege to a cause of action for abuse of process abolish the cause of action?

We conclude that the application of the litigation privilege to a cause of action for abuse of process does not eliminate that cause of action. The litigation privilege, by definition, is limited to actions taken during a judicial proceeding and which are related to the judicial proceeding. Levin, 639 So.2d at 608. Therefore, a claimant may still pursue a claim for an abuse of process when the claim is based on actions taken outside of a judicial proceeding or on actions that are taken during a judicial proceeding but which are unrelated to the judicial proceeding. See Olson v. Johnson, 961 So.2d 356 (Fla. 2d DCA 2007) (holding that the litigation privilege did not preclude a malicious prosecution claim where the accusatorial statements that led to the plaintiffs arrest were made before the charges against him were filed and were not made during, and were unrelated to, the judicial proceeding); see also Montejo v. Martin Mem’l Med. Ctr., Inc., 935 So.2d 1266 (Fla. 4th DCA 2006) (holding that the litigation privilege did not prohibit the plaintiffs false imprisonment claim because the confinement did not occur during the course of the judicial proceedings nor in an effort to prosecute or defend the lawsuit).
The Florida Supreme Court has also specifically noted that the inability to pursue a tort action due to the litigation privilege does not leave a party with no remedy. Viable alternative remedies for a participant’s misconduct during judicial proceedings include “the discipline of the courts, the bar association, and the state.” Levin, 639 So.2d at 608 (quoting Wright v. Yurko, 446 So.2d 1162, 1164 (Fla. 5th DCA 1984)). Specifically, “a trial court would have the ability to use its contempt powers to vindicate its authority and protect its integrity by imposing a compensatory fine as punishment for contempt.” Levin, 639 So.2d at 609 (citing S. Dade Farms, Inc. v. Peters, 88 So.2d 891 (Fla. 1956)). We therefore reject LatAm’s argument that application of the litigation privilege eliminates abuse of process as a cause of action.

(3)Does the lack of subject matter jurisdiction preclude application of the privilege?

The fact that the lawyers and federal district court subsequently discovered a jurisdictional defect during the federal litigation does not preclude application of the privilege nor deny Holland & Knight its protection. In Willy v. Coastal Corp., 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992), the United States Supreme Court held that a district court could enforce sanctions imposed pursuant to Rule 11 of the Federal Rules of Civil Procedure even though the district court was later determined to have lacked subject matter jurisdiction. In so holding, the Supreme Court affirmed the Fifth Circuit’s[1] determination that the federal court’s sanctioning power was derived from the inherent authority of courts to effectuate the judicial process, and that this inherent authority could be exercised even in the absence of subject matter jurisdiction. Id. at 133-34, 112 S.Ct. 1076. The Supreme Court also emphasized:
It is well established that a federal court may consider collateral issues after an action is no longer pending.... [An] imposition of a Rule 11 sanction is not a *244 judgment on the merits of an action. Rather, it requires determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such an order implicates no constitutional concern because it “does not signify a district court’s assessment of the legal merits of the complaint.” It therefore does not raise the issue of a district court adjudicating the merits of a “case or controversy” over which it lacks jurisdiction.
Id. at 138, 112 S.Ct. 1076 (emphasis added) (internal citations omitted). Consequently, the Supreme Court reasoned, “[a] final determination of lack of subject matter jurisdiction ... does not automatically wipe out all proceedings had in the district court at a time when the district court operated under the misapprehension that it had jurisdiction.” Id. at 137, 112 S.Ct. 1076 (emphasis added).
The Willy Court’s reasoning is applicable here. As in Willy, the instant lawsuit alleges misconduct in a federal lawsuit where it was later determined that the federal court had lacked subject matter jurisdiction. And, like the sanctions in Willy, the litigation privilege (1) is a common law construct derived from a court’s inherent authority to effectuate the judicial process by promoting zealous advocacy, and (2) does not in any way affect the merits of a case. Thus, on the principles of Willy, the subsequently discovered jurisdictional defect did not automatically wipe out all “proceedings” had in the federal district court at a time when the court operated under the misapprehension that it had jurisdiction. Accordingly, we find that Holland <& Knight’s actions, which occurred during and were related to the judicial “proceedings” in the federal lawsuit, were protected by the litigation privilege.
In addition, we conclude that limiting the protection afforded by the litigation privilege on a court having subject matter jurisdiction, as LatAm advises us to do, would severely undercut the public policy which inspired its creation. The litigation privilege was designed to promote effective advocacy by minimizing the threat of legal backlash from actions taken during judicial proceedings. As was made evident in this case, subject matter jurisdiction can be a complicated and technical issue. In fact, the jurisdictional defect below eluded seasoned attorneys and judges for several years. If protection from exposure to liability hinged on a complicated legal issue, it would render the litigation privilege virtually meaningless, as the privilege’s protection would always be uncertain and, therefore, attorneys would have reason to hesitate before employing certain strategies. If faith in the litigation privilege is to remain uncompromised, its protections should not be premised on the existence of subject matter jurisdiction.

DEL MONICO V. TRAYNOR

We recognize that the Florida Supreme Court is presently considering the case of DelMonico v. Traynor, 50 So.3d 4 (Fla. 4th DCA), review granted, 47 So.3d 1287 (Fla. 2010), regarding the litigation privilege. We, however, decline LatAm’s invitation to stay our determination pending the resolution of Traynor because the Court’s determination in Traynor is unlikely to have any effect on our decision in this case, as the facts and issues in Traynor are fundamentally different from those before this Court.
At issue in Traynor is the Fourth District Court of Appeal’s extension of the litigation privilege to protect attorneys for alleged defamatory statements in their ex-parte questioning of potential, non-party witnesses not directly related to the law *245 suit before their appearances at deposition or in the courtroom. Id. at 7. LatAm suggests that the Supreme Court might adopt Judge Warner’s dissenting opinion, which would grant only a qualified immunity in such situations. Id. at 8-13. Lat Am’s appeal, however, does not present such a situation.
In this case, Holland & Knight utilized federal procedural rules to direct discovery documents toward entities with the goal of obtaining information which would assist Holland & Knight in collecting on its clients’ judgment, and these actions were directly related to the prosecution of its clients’ lawsuit. Because the facts, issues, and posture of the two cases are fundamentally different, and because the Florida Supreme Court has unequivocally held that the litigation privilege applies to all claims based on actions taken during and related to the litigation, we find it unnecessary to stay our mandate pending resolution of Traynor.
DETERMINING APPLICABILITY OF THE LITIGATION PRIVILEGE ON A MOTION TO DISMISS
LatAm contends that the trial court erred in its ruling on Holland & Knight’s motion to dismiss by: (1) considering the litigation privilege, which is an affirmative defense; and (2) dismissing LatAm’s claim with prejudice without affording LatAm the right to commence discovery, thereby denying LatAm due process and access to the court system. LatAm’s contentions are without merit.
While the litigation privilege is an affirmative defense, Am. Nat’l Title & Escrow of Fla., Inc., 810 So.2d at 998, it can be adjudicated on a motion to dismiss if the applicability of the privilege can be clearly discerned from the face of the complaint. Kidwell v. Gen. Motors Corp., 975 So.2d 503, 505 n. 2 (Fla. 2d DCA 2007) (“Although immunity is an affirmative defense, it can be considered on a motion to dismiss if the complaint demonstrates the existence of the defense.”); see also Donner v. Appalachian Ins. Co., 580 So.2d 797 (Fla. 3d DCA 1991) (dismissing plaintiffs complaint on the basis of the litigation privilege); Vaswani v. Ganobselc, 402 So.2d 1350, 1351 (Fla. 4th DCA 1981) (“If the face of the complaint contains allegations which demonstrate the existence of an affirmative defense, then such defense can be considered on a motion to dismiss.”).
As previously noted, all of the allegations in LatAm’s complaint fall squarely within the litigation privilege’s protection. The trial court, therefore, did not err in considering the litigation privilege on Holland & Knight’s motion to dismiss.
We also find that the trial court did not err in dismissing LatAm’s claim with prejudice before LatAm was afforded discovery. “The function of a motion to dismiss a complaint is to raise as a question of law the sufficiency of the facts alleged to state a cause of action.” Connolly v. Sebeco, Inc., 89 So.2d 482, 484 (Fla.1956) (emphasis in original). Since in considering “a motion to dismiss the Court must assume all facts alleged in the complaint to be true,” discovery is inapposite. Id. We, therefore, affirm the trial court’s order granting Holland & Knight’s motion to dismiss the complaint with prejudice.
Affirmed.

. Willy v. Coastal Corp., 915 F.2d 965, 966-67 (5th Cir. 1990).