IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

      Appellant,

CASE NO. 1D16-2075

v.

JENNIFER ANN HAWKINSON
AND BRIAN REYNOLDS
PETERS,

      Appellees.

_____/

Opinion filed August 11, 2016.

An appeal from an order of the Circuit Court for Duval County.
Tyrie W. Boyer, Judge.

Rhonda B. Boggess and Gina P. Grimsley, of Taylor, Day, Grimm & Boyd, Jacksonville, for Appellant.

Benjamin E. Richard, William A. Bald and Raymond P. Reid, Jr., of Pajcic & Pajcic, P.A., Jacksonville, for Appellees.

PER CURIAM.

      Appellant's motion to determine jurisdiction is granted. The Court has determined that it lacks jurisdiction to review the order on appeal. See Workmen's Auto Ins. Co. v. Franz, 24 So. 3d 638, 640 (Fla. 2d DCA 2009) (concluding that

order awarding summary judgment to insureds on issue of entitlement to uninsured motorist coverage was not a partial final judgment where related claim for uninsured motorist benefits remained pending). Accordingly, the appeal is dismissed. Appellee's motion to dismiss the appeal is denied as moot.

ROBERTS, C.J. and ROWE, J., CONCUR; MAKAR, J., DISSENTS WITH OPINION.

MAKAR, J., dissenting.

After a separate bench trial, a final judgment was entered on the discrete claim in this case that the insurer was required to provide coverage under its policy for injuries occurring to the plaintiff, who was determined to be a "relative" under her parents' policy. Pending is a separate trial on liability and damages against the driver, and possible recovery against the insurer under the policy. The insurer appeals, claiming the final judgment is appealable as a "partial final judgment" under Rule 9.110(k), Florida Rules of Appellate Procedure. ("A partial final judgment, other than one that disposes of an entire case as to any party, is one that disposes of a separate and distinct cause of action that is not interdependent with other pleaded claims."). Because the discrete issue of coverage is separate and distinct from the remaining claim for damages, jurisdiction under subsection (k) exists. On somewhat similar facts, the Second District has found this issue to be a close question, holding that jurisdiction was lacking because of the procedural posture in that case; because the claims for insurance coverage and damages were included in the same count, the court viewed the coverage and damages issues as "sufficiently interrelated so that this order cannot be reviewed as a partial final judgment." Workmen's Auto Ins. Co. v. Franz, 24 So. 3d 638, 640 (Fla. 2d DCA 2009). But had a declaratory judgment action "been filed separately" to resolve the coverage issue, the court concluded that jurisdiction would exist. Id. ("We can only

3

explain that the procedural posture of this case is different."). It makes little sense to base jurisdiction on whether two lawsuits are filed versus one; the better approach is to determine the extent of dependency between the coverage and damages claims. Here, the coverage and damages issues were deemed to be independent matters, so much so that a separate bench trial was held first on the former and a discrete "final judgment" entered; no overlap exists between the issues and evidence, each focusing on entirely different issues. Accordingly, the insurer's appeal should be allowed to proceed.