DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

KAC 2021-1, LLC, as assignee for Johnny Smith,

Appellant,

v.

AMERICAN HOMES 4 RENT PROPERTIES ONE, LLC,

Appellee.

No. 2D2023-1384
_____

October 30, 2024

Appeal from the County Court for Hillsborough County; James Salvatore Giardina, Judge.

Brian K. Korte of Korte & Associates, LLC, Singer Island, for Appellant.

Jean M. Henne of Jean M. Henne, P.A., Winter Haven, for Appellee.


SMITH, Judge.

KAC 2021-1, LLC, as assignee for Johnny Smith, appeals the order granting American Homes 4 Rent Properties One, LLC's motion to dismiss KAC's amended complaint, which sought damages pursuant to the Florida Consumer Collection Practices Act (FCCPA) when landlord American Homes sought possession of residential property by first posting, face out, a three-day notice of nonpayment of rent. *See* § 559.72, Fla. Stat. (2022). Because American Homes was required to

give a three-day notice prior to initiating an action for possession of the residential property, American Homes engaged in protected activity under the litigation privilege, and the trial court did not err in dismissing the amended complaint. We affirm.

In its amended complaint, KAC sued as the assignee of American Homes' former tenant Johnny Smith,[1] seeking statutory damages related to an alleged violation of the FCCPA. *See* § 559.77 (providing for actual and statutory damages related to any violation of the provisions of section 559.72). American Homes owns the residential property rented to Smith. In its amended complaint, KAC alleged American Homes violated section 559.72(5)[2] by posting a three-day notice to the door of the property, "as is required by statute when commencing an eviction action." *See* §§ 83.56(3), (4), .59, Fla. Stat. (2022). Specifically, KAC argued that by posting the notice face out, American Homes "disclos[ed] to the world that the Tenant owed money, affecting his reputation when there is no legitimate reason the world needs to know that the Tenant owed money."

American Homes filed an amended motion to dismiss KAC's amended complaint and a supplement to the amended motion to dismiss, in which American Homes argued, in pertinent part, that its

---

[1] The tenant, Johnny Smith, is not a party to this action and was not a party to the underlying amended complaint.

[2] Section 559.72 governs the collection of consumer debts and provides that no person shall:
> (5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

actions were protected by the litigation privilege, which provides immunity for actions that occur in judicial proceedings and for publications that are necessarily preliminary to a judicial proceeding. *See AGM Invs., LLC v. Bus. Law Grp., P.A.*, 219 So. 3d 920, 924 (Fla. 2d DCA 2017). A hearing was held, and the trial court granted American Homes' amended motion to dismiss the amended complaint finding American Homes is immune from liability due to the litigation privilege.[3] We agree.

We review an order granting a motion to dismiss de novo. *Syvrud v. Today Real Est., Inc.*, 858 So. 2d 1125, 1129 (Fla. 2d DCA 2003) (first

---

[3] The order granting the amended motion to dismiss provides the trial court was "adopt[ing] the rationale and reasoning in the Order Granting Motion to Dismiss with Prejudice entered by County Court Judge Louis Schiff on February 27, 2023[,] in Case # CONO22008130 pending in Broward County, Florida." KAC was the plaintiff in the Broward County case, and the facts and issues in that case, as relevant here, were identical to those in this case. The order granting the motion to dismiss in the Broward County case found the defendant landlord was immune from liability due to the litigation privilege. That court also made findings related to the rule of statutory construction that provides that a more specific statute will govern over a general statute. *See Read v. MFP, Inc.*, 85 So. 3d 1151, 1154 (Fla. 2d DCA 2012). Finally, the order noted that if the legislature intended for a three-day notice to be posted backwards or face down, the legislature could so indicate in the statute. We note that the order granting dismissal in the Broward County case has been reversed on other grounds by the Fourth District in *KAC 2021-1, LLC v. Yoss Prashkovsky, LLC*, 388 So. 3d 842 (Fla. 4th DCA 2024). However, the court in *Yoss* reversed the order granting dismissal because KAC's filing of a "notice of voluntary dismissal divested the county court of jurisdiction to enter a subsequent order dismissing the case with prejudice," and thus, the Fourth District's reversal in *Yoss* has no bearing on our opinion here. *Id.* at 842.

KAC also raises in this appeal that the trial court erred in invoking the specific-governs-over-general principle where sections 83.56 and 559.72(5) do not conflict. We do not reach this issue because our holding that the litigation privilege applies is dispositive.

citing *Ruiz v. Brink's Home Sec., Inc.*, 777 So. 2d 1062, 1064 (Fla. 2d DCA 2001); and then citing *W.R. Townsend Contracting Inc. v. Jensen Civ. Constr., Inc.*, 728 So. 2d 297, 300 (Fla. 1st DCA 1999)). The litigation privilege has been recognized in Florida for well over a century. *See Myers v. Hodges*, 44 So. 357, 361 (Fla. 1907) (adopting the absolute privilege based upon the "overwhelming weight of authority" in the United States). "The general rule concerning the litigation privilege is that litigation participants should be absolutely exempted from liability for conduct 'in the course of judicial proceedings' so long as the conduct has 'some relation to or connection with the subject of inquiry.' " *AGM Invs., LLC*, 219 So. 3d at 924 (quoting *DelMonico v. Traynor*, 116 So. 3d 1205, 1211 (Fla. 2013)). The privilege applies "not only to conduct undertaken while litigation is ongoing but also to conduct that is 'necessarily preliminary' to judicial proceedings." *Id.* (quoting *Fridovich v. Fridovich*, 598 So. 2d 65, 66 (Fla. 1992)). This "necessarily preliminary" requirement "ensures that the conduct shielded from liability is really of a kind that can be regarded as having been undertaken in the course of a judicial proceeding and not conduct undertaken separately from it." *Id.*

In the instant case, while the three-day notice was posted prior to the initiation of the eviction proceeding, the posting falls within the litigation privilege's protection because American Homes was required to give the three-day notice terminating the rental agreement pursuant to section 83.56(3). Section 83.56 governs the termination of rental agreements and provides in pertinent part:

> (3) If the tenant fails to pay rent when due and the default continues for 3 days, excluding Saturday, Sunday, and legal holidays, after delivery of written demand by the landlord for payment of the rent or possession of the premises, the landlord may terminate the rental agreement. . . . The 3-day

4

notice shall contain a statement in substantially the following form:

You are hereby notified that you are indebted to me in the sum of _____ dollars for the rent and use of the premises (address of leased premises, including county), Florida now occupied by you and that I demand payment of the rent or possession of the premises within 3 days (excluding Saturday, Sunday, and legal holidays) from the date of delivery of this notice, to wit: on or before the ___ day of ___, (year). (landlord's name, address and phone number)

(4) The delivery of the written notice required by subsections (1), (2), and (3) shall be **by mailing or delivery of a true copy thereof, if the tenant is absent from the premises, by leaving a copy thereof at the residence**.  The notice requirements of subsections (1), (2), and (3) may not be waived in the lease.

(5)(a) If the landlord accepts rent with actual knowledge of a noncompliance by the tenant or accepts performance by the tenant of any other provision of the rental agreement that is at variance with its provisions, or if the tenant pays rent with actual knowledge of a noncompliance by the landlord or accepts performance by the landlord of any other provision of the rental agreement that is at variance with its provisions, the landlord or tenant waives his or her right to terminate the rental agreement or to bring a civil action for that noncompliance, but not for any subsequent or continuing noncompliance.  However, a landlord does not waive the right to terminate the rental agreement or to bring a civil action for that noncompliance by accepting partial rent for the period. **If partial rent is accepted after posting the notice for nonpayment**, the landlord must:

1. Provide the tenant with a receipt stating the date and amount received and the agreed upon date and balance of rent due before filing an action for possession;

2. Place the amount of partial rent accepted from the tenant in the registry of the court upon filing the action for possession; or

3. **Post a new 3-day notice reflecting the new amount due**.

(bold emphases added.)

Section 83.56(3) requires delivery of the three-day notice, which may be accomplished by "mailing or delivering" or "by leaving a copy thereof at the residence." § 83.56(4). Subsection (5)(a) refers to that delivery of the three-day notice as "posting the notice for nonpayment." The term "post" is not defined in chapter 83, nor does the statute dictate the manner in which the notice must be posted. However, KAC does not take issue with the fact that the three-day notice was posted but instead argues that American Homes should have "posted" the three-day notice facing inward or, alternatively, placed the notice in an envelope and slid it under the door, which KAC argues would comply with both the FCCPA and section 83.56.

When a word used in a statute has not been defined by the legislature, the courts look to the plain and ordinary meaning of the word, which may be derived from dictionaries. *Debaun v. State*, 213 So. 3d 747, 751 (Fla. 2017).

> The Macmillan English Dictionary defines "post" as "to put information or a message where the public can see it." *Post, Macmillan English Dictionary* (2d ed. 2007). The American Heritage Dictionary defines "post" as "[t]o display (an announcement) in a place of public view." *Post, The American Heritage Dictionary of the English Language* (5th ed. 2016). In turn, "display" is defined as "[t]o present to view; cause to be seen." *Display, The American Heritage Dictionary of the English Language* (5th ed. 2016).

*N.H. v. State*, 358 So. 3d 477, 482 (Fla. 5th DCA 2023) (alterations in original) (footnotes omitted). Based upon the plain reading of the statute, American Homes' posting of the three-day notice with the content displayed face out was in compliance with the statute. Moreover, displaying the content face out—rather than placing the notice in an envelope and sliding it under the door as advocated by KAC—assures that a tenant, who is subject to an eviction, would be sure to see the

6

actual content and act appropriately within that three-day period. Because posting the three-day notice was statutorily required in order for American Homes to pursue its eviction complaint for possession of the property, its actions fall within the scope of the century-old litigation privilege.

However, citing *Delmonico*, KAC argues that the Florida Supreme Court is "backing away from any notion that Florida's litigation privilege presents an absolute prophylactic bar against civil liability." *See* 116 So. 3d 1205. We recognize that in *Delmonico* the Florida Supreme Court held that

> Florida's absolute privilege does not extend to statements made by an attorney during ex-parte, out-of-court questioning of a potential, nonparty witness in the course of investigating a pending lawsuit. In this narrow scenario, a qualified privilege instead applies so long as the defamatory statements are related to or connected with the subject of inquiry in the underlying lawsuit. A qualified privilege requires the plaintiff to prove express malice.

*Id.* at 1220 (emphasis added). The court was very clear in *Delmonico* that its holding applies to a very narrow set of circumstances where "an attorney steps outside of both the courtroom and the formal discovery process to investigate a claim," and even then, a qualified privilege applies "so long as the statements are relevant to the subject of inquiry" in the underlying suit. *Id.* at 1218 (quoting *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins.*, 639 So. 2d 606, 607 (Fla. 1994)). Once that threshold issue is met, the burden shifts back to the plaintiff who must then show that the statements were false and that they were made with express malice. *Id.*

Contrary to KAC's portrayal of *Delmonico*, *Delmonico* poses no stumbling block. The facts in this case fall well outside the scope of the narrow set of circumstances laid out in *Delmonico* to which a qualified

7

privilege applies. Instead, this case involves the posting of a statutorily required three-day notice terminating the rental agreement—"the first step in involving the judicial machinery of" an action for possession of residential property under section 83.59. *See AGM Invs., LLC*, 219 So. 3d at 925. "Conduct of this type is quite plainly necessarily preliminary to the commencement of a judicial proceeding." *Id.* Accordingly, the posting of the three-day notice falls within the ambit of the absolute litigation privilege.

To the extent KAC argues the trial court erred in determining that the litigation privilege issue at the motion to dismiss stage is not a factual issue related to an affirmative defense, we note that immunity under the litigation privilege "may be raised in a motion to dismiss if its applicability is demonstrated on the face of the complaint or exhibits." *James v. Leigh*, 145 So. 3d 1006, 1008 (Fla. 1st DCA 2014) (citing *Fariello v. Gavin*, 873 So. 2d 1243, 1245 (Fla. 5th DCA 2004)); *see also LatAm Invs., LLC v. Holland & Knight, LLP*, 88 So. 3d 240, 245 (Fla. 2d DCA 2011) (holding that trial court properly dismissed complaint where "all of the allegations in [plaintiff's] complaint fall squarely within the litigation privilege's protection"); *Kidwell v. Gen. Motors Corp.*, 975 So. 2d 503, 505 n.2 (Fla. 2d DCA 2007) ("Although immunity is an affirmative defense, it can be considered on a motion to dismiss if the complaint demonstrates the existence of the defense." (citing *Vaswani v. Ganobsek*, 402 So. 2d 1350, 1351 (Fla. 4th DCA 1981)). In the instant case, the face of the amended complaint provides that American Homes "posted a 3 Day Notice to the Tenant's door as is required by statute when commencing an eviction action." The amended complaint clearly demonstrates the privilege's existence, and the amended complaint was properly dismissed at this stage in the proceedings. *See AGM Invs., LLC,*

8

219 So. 3d at 926-27 ("[R]esolution of questions of litigation privilege at an early stage of the litigation furthers the policies underlying the privilege.").

In sum, we hold that the posting of a three-day notice pursuant to section 83.56 is necessarily preliminary to an action for possession of the property and is, as a matter of law, protected by the absolute litigation privilege.

Affirmed.

SILBERMAN and BLACK, JJ., Concur.

_____

Opinion subject to revision prior to official publication.